Howard Karasik (HK/8602)                          Return Date: March 5, 2013
Sherman, Citron & Karasik, P.C.                        Time: 2:00 p.m.
70 East 55th Street
New York, New York 10022
(212) 455-0450

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                        Chapter 7
        107 East 60th Street Associates, *et.al.*,
                                    Debtor.           Case No.: 13-10412-SCC
                                                    )
-----------------------------------------------------------x

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT, upon the annexed motion of TIF NYI LLC ("TIF") by

its Attorneys, Sherman Citron & Karasik, P.C., dated February20, 2013, and the annexed

affidavit of Mitchel Maidman, dated and sworn to on February20, 2013, TIF will move before

the Honorable Shelley C. Chapman, Bankruptcy Judge, on March 5, 2013 at 2:00 p.m. at the

United States Bankruptcy Court, Room 621, One Bowling Green, New York, New York 10004-

1408, submits the following in support of its motion for the grant of the following Orders

decreeing that:

(a)    107 East 60th Street Associates a/k/a 107 East 60th Street Associate, LLC are one

and the same (the "Debtor") and the owner of 107 East 60th Street, New York, New York (the

"Debtor's Property"); (b) Bankruptcy Case No.:    12-14133 supersedes the Involuntary

Bankruptcy Case instituted by NIR CAP, LLC's ("NIR CAP") Involuntary Bankruptcy Petition

(the "Petition") against the Debtor in the Eastern District of New York, bearing Case No.: 1-13-

40684 (the "NIR CAP Involuntary Case") l (c) that the NIR CAP Involuntary Case is void and of

no force and effect *nunc pro tunc* to the date and time of the filing of the Petition, (d) the NIR

CAP Involuntary Case did not invoke the Automatic Stay provisions of Bankruptcy Code § 362

or if it did, that such Automatic Stay is lifted and revoked as of the moment of the filing of the

Petition; (e) this Court was granted and assumed and continues to maintain exclusive jurisdiction

over the Debtor and its Estate inclusive, *inter alia*, of the Debtor's Property; (f) TIF's Mortgage Foreclosure Sale (the "Mortgage Foreclosure Sale") of the Debtor's Property on February 6, 2013, was not stayed as a result of the NIR CAP Involuntary Case; (g) the Mortgage Foreclosure Sale of the Debtor's Property on February 6, 2013, was conducted pursuant this Court's Order dated January 2, 2013 in Bankruptcy Case No.: 12-14133 which lifted the Automatic Stay in connection with the Debtor's Property and that the Mortgage Foreclosure Sale did not violate any Order of this Court or any provision of the Bankruptcy Code, (h) directing (*1*) NIR CAP, (*2*) David Maho, its counsel, (*3*) and the Debtor's "addressee" named in CAP's Petition are directed to appear for Bankruptcy Rule 2004 Examinations and for document production; (i) directing Amit Enterprise Associates ("Amit"), the Petitioner (the "Amit Petition") in Bankruptcy Case No.: 12-14133 (the "Amit Involuntary Case") and its partner, Moshe Betar ("Betar"), to show cause why they should not be held in contempt for failing to appear for Bankruptcy Rule 2004 Examinations as directed by this Court's Order dated January 2, 2013, (j) a hearing be held for the purpose of fixing and awarding sanctions, damages, punitive damages, and legal fees against the Debtor, Amit, and NIR CAP, and its counsel, and(k) such other and different relief as to the Court may appear just and proper:

Dated:  New York, New York
        February20, 2013

<div style="margin-left:50%">

Sherman, Citron & Karasik, P.C.
*Attorneys for TIF NYI LLC*

By:_____
    Howard Karasik, Esq.
    170 East 55th Street
    New York, New York 10022
    Tel: (212) 455-0450
    Fax: (212) 986-1455
    sckpc@erols.com

</div>

Howard Karasik (HK/8602)                                    Return Date: March 5. 2013
Sherman, Citron & Karasik, P.C.                                   Time: 2:00 p.m.
70 East 55th Street
New York, New York 10022
(212) 455-0450


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                       Chapter 7
        107 East 60th Street Associates, *et.al.*,
                                    Debtor.                  Case No.: 13-10412-SCC
                                                )
-------------------------------------------------------x

## MOTION

TO:    The Honorable Shelley C. Chapman, Bankruptcy Judge

       TIF NYI LLC ("TIF"), by its attorneys, Sherman Citron & Karasik, P.C., submits the

following in support of its motion for the grant of the following Orders decreeing that:

       (a)     107 East 60th Street Associates a/k/a 107 East 60th Street Associate, LLC are one

and the same (the "Debtor") and the owner of 107 East 60th Street, New York, New York (the

"Debtor's Property"); (b) Bankruptcy Case No.:    12-14133 supersedes the Involuntary

Bankruptcy Case instituted by NIR CAP, LLC's ("NIR CAP") Involuntary Bankruptcy Petition

(the "Petition") against the Debtor in the Eastern District of New York, bearing Case No.: 1-13-

40684 (the "NIR CAP Involuntary Case") l (c) that the NIR CAP Involuntary Case is void and of

no force and effect *nunc pro tunc* to the date and time of the filing of the Petition, (d) the NIR

CAP Involuntary Case did not invoke the Automatic Stay provisions of Bankruptcy Code § 362

or if it did, that such Automatic Stay is lifted and revoked as of the moment of the filing of the

Petition; (e) this Court was granted and assumed and continues to maintain exclusive jurisdiction

over the Debtor and its Estate inclusive, *inter alia,* of the Debtor's Property; (f) TIF's Mortgage

Foreclosure Sale (the "Mortgage Foreclosure Sale") of the Debtor's Property on February 6,

2013, was not stayed as a result of the NIR CAP Involuntary Case; (g) the Mortgage Foreclosure
Sale of the Debtor's Property on February 6, 2013, was conducted pursuant this Court's Order
dated January 2, 2013 in Bankruptcy Case No.: 12-14133 which lifted the Automatic Stay in
connection with the Debtor's Property and that the Mortgage Foreclosure Sale did not violate
any Order of this Court or any provision of the Bankruptcy Code, (h) directing (*1*) NIR CAP, (*2*)
David Maho, its counsel, (*3*) and the Debtor's "addressee" named in CAP's Petition are directed
to appear for Bankruptcy Rule 2004 Examinations and for document production; (i) directing
Amit Enterprise Associates ("Amit"), the Petitioner (the "Amit Petition") in Bankruptcy Case
No.: 12-14133 (the "Amit Involuntary Case") and its partner, Moshe Betar ("Betar"), to show
cause why they should not be held in contempt for failing to appear for Bankruptcy Rule 2004
Examinations as directed by this Court's Order dated January 2, 2013, (j) a hearing be held for
the purpose of fixing and awarding sanctions, damages, punitive damages, and legal fees against
the Debtor, Amit, and NIR CAP, and its counsel, and(k) such other and different relief as to the
Court may appear just and proper:

1.      Annexed hereto are the following Exhibits:

   a.      Exhibit A – TIF's "Lift Stay" Motion;

   b.      Exhibit B – "Lift Stay" Order;

   c.      Exhibit C – Affidavit of Service of Exhibit B on Amit and Betar;

   d.      Exhibit D – Transcript of Bankruptcy Rule 2004 Examination on Amit
           and Betar;

   e.      Exhibit E – Notice of the NIR CAP Involuntary Case;

   f.      Exhibit F – NIR CAP's Petition;

   g.      Exhibit G – Memorandum of Supreme Court Judgment of Foreclosure and
           Sale; and

   h.      Exhibit H – E-mail from NIR CAP's counsel.

2.      TIF previously filed its "Lift Stay" Motion (Exhibit A) with this Court which granted a "Lift Stay Order" (Exhibit B) lifting the Automatic Stay in connection with the Debtor, its Estate, and the Debtor's Property with prejudice, retained jurisdiction over the Debtor, its Estate, and the Debtor's Property, and authorized service of a subpoena on Amit and Betar directing their appearance for Bankruptcy Rule 2004 Examinations.

3.      In accordance with the relief granted to it by the Lift Stay Order, TIF noticed a Mortgage Foreclosure Sale in connection with its mortgage on the Debtor's Property, the Debtor's sole asset. The Mortgage Foreclosure Sale was held on February 6, 2013, 4 months after an aborted foreclosure sale scheduled for October 3, 2012. This aborted sale was stayed by the Amit Involuntary Case against the Debtor in Bankruptcy Case No.: 12-14133. Shortly before the Mortgage Foreclosure Sale was concluded, Rubin Ferziger, the Referee (the "Referee") designated by Order of the Supreme Court, New York County to conduct the Mortgage Foreclosure Sale, was served with a copy of Exhibit E. Notwithstanding Exhibit E, TIF prevailed upon the Referee to conclude the sale on the ground that Exhibit B and this Court's superseding and prior jurisdiction in Bankruptcy Case No.: 12-14133 effectively trumped the NIR CAP Involuntary Case. See Exhibit G. The Referee agreed with TIF's position and closed the bidding, but in an abundance of caution, conditioned closing of the Mortgage Foreclosure Sale on receipt of further evidence in the nature of a Bankruptcy Court Order to the effect that the Mortgage Foreclosure Sale did not violate Bankruptcy Code § 362. Among other things, TIF seeks such an Order pursuant to this Motion.

4.      The Mortgage Foreclosure Sale vindicated TIF's position that the amount due on TIF's mortgage on the Debtor's Property exceeded the value of the Debtor's Property and that the Debtor did not have any equity in the Debtor's Property.

5.      As shown by Exhibits C and D, Amit and Betar were served with Exhibit B directing their appearance for Bankruptcy Rule 2004 Examinations ("the Examinations"). The Orders were returned as "undeliverable" at the addresses specified by Amit and Betar in the Amit Involuntary Case. Their refusal to accept service of Exhibit B reinforced TIF's belief the Amit Involuntary Case was a bad faith filing, possibly with the Debtor's approval and concurrence. Amit Petition alleged that the Debtor would not oppose the petition. TIF seeks an Order directing the Amit and Betar to show cause why they should not be held in contempt for failing to accept service of Exhibit B and for failing to appear for the Examinations. Notice of Exhibit B by fax and telephone notice upon Amit was also attempted, but also failed.

6.      TIF is of the belief that the NIR CAP Involuntary Case is as suspicious as the Amit Involuntary Case; that the Debtor, Amit, and NIR CAP may have colluded in order to nullify the Mortgage Foreclosure Sale and that the NIR CAP Involuntary Case was filed in bad faith. It is significant that the NIR CAP Petition states that a Chapter 7 is the only relief to be granted and that it will be determined that no viable assets of the Debtor exist other than the "possessory rights of the leased premises and, that the Debtor will not oppose or object" to the Petition. Aside from the fact the Debtor's Property and possessory rights if any would be cut-off by the Mortgage Foreclosure Sale of which cut-off NIR CAP and its counsel must have been aware, Query – what possible result could NIR CAP hope to have achieved by the NIR CAP Petition other than to delay the Mortgage Foreclosure Sale, damage TIF, and improperly extract money from TIF to make NIR CAP go away? NIR CAP's counsel virtually concedes that the purpose of the NIR CAP Petition was to, "sort out certain matters, and make a deal," and that he was sorry that the Mortgage Foreclosure Sale was stayed. See Exhibit H.

7.     TIF submits that it is absolutely essential that NIR CAP and its attorney appear

for Bankruptcy Rule 2004 examinations in order to clear the air and examine the bona fides of

the NIR CAP Petition.

8.     TIF believes that both the Amit Involuntary Case and the NIR CAP Involuntary

Case are highly suspect and may have involved violations of 18 U.S.C. Chapter 19, § 151 et seq.

In that connection, the Court is asked to take note of the following: that the Amit Petition

checked-off "Corporation (includes (LLC and LLP)," even though the Debtor's name does not

include "LLC"; the Amit Petition and the NIR CAP Petition set forth the same mailing address

for the Debtor indicating that the "LLC" designation was meaningless; neither Amit nor NIR

CAP actually served a Bankruptcy Court Summons on the Debtor; the Amit Petition alleges that

the Debtor would consent to the petition and the NIR CAP Petition alleges that the Debtor would

not oppose or object to the petition; ¶ 8 of the Amit Petition and ¶ 9 of the NIR CAP Petition are

eerily the same:

> "8.   That it is verily believed that a Chapter 7 is the only relief to be granted,
> and it is further verily believed when all facts are known, it will be
> determined that no viable assets of the Debtors exist other than the single
> asset real property, or that the Debtors are not able to be rehabilitated. "

> "9.   That it is verily believed that a Chapter 7 is the only relief to be granted,
> and it is further verily believed when all facts are known, it will be
> determined that no viable assets of the Debtors exist other than the
> possessory rights of the "leased premises", or that the Debtors are not able
> to be rehabilitated. "

indicating that NIR CAP was familiar with the Amit Petition. NIR CAP's counsel states in

Exhibit H that:

> "It may turn out that my clients are the de facto and/or the de jure owners
> of the very LLC against which we filed the Involuntary.
>
> If so; we may ask that it be converted to a Voluntary Petition."

Accordingly, TIF has taken the liberty of serving a copy of this Motion on the Office of the

United States Attorney for the Southern District of New York so that it may have a

representative attend on the return date of this Motion.

WHEREFORE, TIF respectfully requests the relief described on the Notice of Motion

prefixed hereto.


Dated: New York, New York
       February 20, 2013


                                             Sherman, Citron & Karasik, P.C.
                                             *Attorneys for TIF NYI LLC*


                                             By:_____
                                                 Howard Karasik, Esq.
                                                 70 East 55th Street
                                                 New York, New York 10022
                                                 Tel: (212) 455-0450
                                                 Fax: (212) 986-1455
                                                 sckpc@erols.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re                                                                       Chapter 7

     107 East 60th Street Associates, _et.al._,
                           Debtor.                  Case No.:  13-10412-SCC

                                )

-----------------------------------------------------------x

State of New York   )
                  ) SS:
County of New York )

      Mitchel Maidman, being duly sworn, deposes and says that he is an authorized representative of TIF NYI LLC; that he has read the Motion prefixed hereto and that the same is true and accurate; that, and upon information and belief, the Debtor's Property has no value in excess of the TIF Mortgage on the Debtor's Property; and that the claims of Amit and NIR CAP against the Debtor's Property have no value whatsoever.

      Deponent believes that the relationship between and among the Debtor, Amit, and NIR CAP is suspected to be not an arms-length, and that the NIR CAP Involuntary Case was filed for the sole purpose of impeding the Mortgage Foreclosure Sale with a view towards improperly extracting money from TIF.

      To date, TIF has incurred and will incur legal fees estimated to be in the sum of not less than $10,000.00 for which Amit and NIR CAP should jointly and severally compensate TIF.

                                                      _____
                                                       Mitchel Maidman

Sworn to before me this
20th day of February, 2013

AMY M. YUE
Notary Public, State of New York
No. 01YU4893590
Qualified in Queens County
Commission Expires May 20, 20.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                    Chapter 7
        107 East 60th Street Associates, _et.al._,
                                Debtor.                          Case No.: 13-10412-SCC
                                                    )
-----------------------------------------------------------x

### MEMORANDUM OF LAW

This Memorandum of Law is submitted by TIF NYI, LLC in support of its Motion

prefixed hereto and incorporates the shorthand descriptions set forth in the Motion.

The Bankruptcy Court the Amit Involuntary Case filed in the United States Bankruptcy

Court, Southern District of New York, had exclusive jurisdiction of the Debtor and its Estate to

the exclusion of the NIR CAP Involuntary Case filed in United States Bankruptcy Court, Eastern

District of New York, Case No.: 1-13-40684, pursuant to 28 USC § 1334(e) which provides that

> **(e)** The district court in which a case under title 11 is commenced or is pending
> shall have <u>exclusive</u> jurisdiction—
> > **(1)** of all the property, wherever located, of the debtor as of the
> > commencement of such case, and of property of the estate; and
> > (Emphasis Supplied)

Accordingly, since the Amit Involuntary Case preceded the NIR CAP Involuntary Case the

United States Bankruptcy Court, Eastern District of New York had no jurisdiction over the

Debtor or its estate. Thus, any Bankruptcy Code § 362 "Automatic Stay" emanating from the

NIR CAP Involuntary Case had no force and effect and in any event was stayed by the

Automatic Stay invoked by the Amit Involuntary Case.

A "Debtor," as defined in Bankruptcy Code § 101(B), is not a "person" as defined in

Bankruptcy Code § 109. Accordingly, since 107 East 60th Street Associates a/k/a 107 East 60th

Street Associates, LLC was the Debtor in Bankruptcy Case No.: 12-14133, it was no longer a

"person" eligible to be a Debtor in the NIR CAP Involuntary Case.

More than 30 days have elapsed since TIF's Lift Stay Motion was filed. Accordingly, Bankruptcy Code § 362(e)(1) automatically terminated the automatic stay, if any, invoked by NIR CAP's Involuntary Case.

Bankruptcy Code § 105authorizes this Court to annul the automatic stay invoked by the NIR CAP Involuntary Case and to grant all of the other relief requested in TIF's Motion.

Dated: New York, New York
       February 20, 2013

                                        Sherman, Citron & Karasik, P.C.
                                        *Attorneys for TIF NYI LLC*

                                        By:
                                             Howard Karasik, Esq.
                                        70 East 55th Street
                                        New York, New York 10022
                                        Tel:  (212)  455-0450
                                        Fax:  (212)  986-1455
                                        sckpc@erols.com

# EXHIBIT A

Howard Karasik (HK/8602)                          Return Date: December 27, 2012
Sherman, Citron & Karasik, P.C.                        Time:  11:00 a.m.
70 East 55th Street
New York, New York 10022
(212) 455-0450


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                        Chapter 7
        107 East 60th Street Associates,
                                 Debtor.              Case No.: 12-14133-SCC
                                            )
-------------------------------------------------------x


### NOTICE OF MOTION TO DISMISS INVOLUNTARY BANKRUPTCY CASE AND FOR BANKRUPTCY RULE 2004 EXAMINATION OF PETITIONING CREDITOR

        PLEASE TAKE NOTICE THAT, upon the annexed motion of TIF NYI LLC ("TIF") by

its Attorneys, Sherman Citron & Karasik, P.C., dated December 7, 2012, and the annexed

affidavit of Mitchel Maidman, dated and sworn to on December 7, 2012, TIF will move before

the Honorable Shelley C. Chapman, Bankruptcy Judge, on December 27, 2012 at 11:00 a.m. at

the United States Bankruptcy Court, Room 621, One Bowling Green, New York, New York

10004-1408, for an order pursuant to Bankruptcy Code §§ 303, 707, and Bankruptcy Rules 1017

and 9014 dismissing the above entitled involuntary bankruptcy case, and for an order pursuant to

Bankruptcy Rule 2004 compelling Amit Enterprise Associates, the petitioning creditor herein, by

its partner, Moshe Betar, to attend for an examination and for the production of documents and

for such other relief as is just and proper.

Dated: New York, New York
       December _7_, 2012

                                        Sherman, Citron & Karasik, P.C.
                                        *Attorneys for TJF NYI LLC*

                                        By:_____
                                            Howard Karasik, Esq.
                                        70 East 55th Street
                                        New York, New York 10022
                                        Tel: (212) 455-0450
                                        Fax: (212) 986-1455
                                        sckpc@erols.com

Howard Karasik (HK/8602)                          Return Date: December 27, 2012
Sherman, Citron & Karasik, P.C.                        Time: 11:00 a.m.
70 East 55th Street
New York, New York 10022
(212) 455-0450


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                         Chapter 7
      107 East 60th Street Associates,
                     Debtor.         Case No.: 12-14133-SCC
                                  )
---------------------------------------------------------x

## MOTION

TO:    The Honorable Shelley C. Chapman, Bankruptcy Judge

      TIF NYI LLC ("TIF"), by its attorneys, Sherman Citron & Karasik, P.C., submits the

following in support of its motion to dismiss the above       entitled involuntary bankruptcy case

against 107 East 60th Street Associates (the "Debtor") filed by the sole petitioning creditor

herein, Amit Enterprise Associates ("Amit"), which purports to be the unrecorded assignee on a

mortgage of the Debtor's property, and for an order directing the examination (the

"Examination") of Amit and its partner, Moshe Betar ("Betar").

      1.     TIF is the assignee of the First and Second Mortgages (the "TIF Mortgages") and

the holder of a Judgment of Foreclosure and Sale (the "Judgment") annexed hereto as Exhibit 1

in connection with premises located at 107 East 60th Street, New York, New York (the

"Premises"). As set forth in the Judgment, the Premises are owned by 107 East 60th Street

Associates, LLC (the "LLC"), not by the Debtor, the entity named as the debtor in this case.

      2.     The Judgment reveals that the total arrears due on the TIF Mortgages is

$4,331,767.68 as of April 1, 2011. As shown by the schedule (the "Schedule") annexed hereto

as Exhibit 2, the amount due on the TIF Mortgages as of November 3, 2012, the Judgment sale

date, is $5,510,508.53. As set forth in the annexed affidavit of TIF's managing member, the

Premises are valued at far less than the amount set forth in the Judgment or in the Schedule.

Thus, and regardless of whether the Premises are property of the Debtor or LLC, neither has any

equity in the Premises.

   3. Amit's involuntary Chapter 7 petition asserts that it is the owner of a

$3,500,000.00 secured mortgage on the Premises (the "Amit Mortgage") by assignment from

Gerova Asset Backed Holding, LP, successor by merger to The Stillwater Backed Asset Fund,

LP (the "Assignment"). The Amit Mortgage is subordinate to the TIF Mortgages. The Amit

Mortgage was issued by LLC, not the Debtor and Amit was on notice, *inter alia*, from the Amit

Mortgage and ACRIS filings, that the Debtor is not the owner of the Premises. See Exhibit 3.

Moreover, Exhibit 3 fails to disclose the existence of the Assignment, thus, throwing Amit's

alleged creditor standing in doubt. Notwithstanding Amit's apparent relationship to LLC, it filed

an involuntary bankruptcy petition against the Debtor, an entity which may or may not exist but

which certainly is not the owner of the Premises.

   4. By virtue of the TIF Mortgages and the actual value of the Premises, the Amit

Mortgage on the Premises is "under water" and of no value.

   5. The Debtor has not filed any bankruptcy schedules in this case and since TIF

believes that the Debtor is a fiction, and because TIF also believes that LLC's sole asset is the

Premises, TIF submits that it is a virtual certainty that if either the Debtor or LLC has any assets

to be distributed, that TIF would be the sole beneficiary.

   6. The Debtor has not answered or controverted Amit's involuntary bankruptcy

petition, in all probability because the Debtor does not exist or was never served with the

summons issued by the Bankruptcy Court. No proof of service of the summons is on file with this Court. See Exhibit 4

7.    Assuming *arguendo* that the Debtor does not have a legal existence or that it was never served with a Bankruptcy Court summons, it is submitted that the Court has no jurisdiction over this bankruptcy case and this alone warrants dismissal of the case. Moreover, if the Debtor has no existence, it is not a "Person" as defined in Bankruptcy Code § 101(41) and could not have creditors, by reason of which Amit's petition would be fatally defective.

8.    Assuming, *arguendo*, that the Debtor is a "Person" against whom an involuntary petition may be filed, it is, as shown above, a "Person" without assets and not worthy of Bankruptcy Code protection or administration. And, as shown above, even if the Court were to conclude that the Debtor and LLC are one and the same, it would still be an entity without assets worthy of Bankruptcy Code protection or administration.

9.    The Judgment, dated May 10, 2012, fixed November 3, 2012 as the date for the foreclosure sale of the Premises. Amit filed its involuntary bankruptcy petition on October 3, 2012. Assuming that Amit's Bankruptcy Code § 303 involuntary bankruptcy petition was proper, the filing invoked Bankruptcy Code § 362, thereby automatically staying the Judgment foreclosure sale of the Premises. Since Amit had no reasonable cause to believe that LLC had any equity in the Premises, and every reasonable cause to believe that the Premises was "under water," it also had every reason to believe that a foreclosure sale would have wiped out the Amit Mortgage. TIF submits that, under the circumstances, and because TIF has reason to believe that the Debtor, LLC and Amit have a less than arms-length relationship, that Amit's involuntary bankruptcy petition filing was an act of bad faith which merits an award of damages, punitive damages and legal fees to be paid to TIF. In this regard, TIF requests that the Court issue an

order pursuant to Bankruptcy Rule 2004 directing Amit and Betar to appear for the Examination.

10.    To summarize, TIF submits that this Court does not have jurisdiction in this case; that the case involves a bad faith filing; that Amit's status as a creditor of the Debtor or LLC is subject to doubt; that even if the Court has jurisdiction, the Debtor has no assets to administer, and no need for Bankruptcy Code protection or administration; and that failure to dismiss this case will be a burden on TIF and the Court. Accordingly, TIF requests that the automatic stay be lifted immediately so that the Judgment foreclosure sale of the Premises may proceed and that the Court retain jurisdiction for the purpose of directing the Examination and fixing TIF's damage claims against Amit.

WHEREFORE, TIF respectfully requests that the Court dismiss the above entitled bankruptcy case but retain jurisdiction to direct the Examination of Amit and Betar, and to award damages to TIF.

Dated:  New York, New York
        December ⅍ , 2012

                              Sherman, Citron & Karasik, P.C.
                              *Attorneys for TIF NYI LLC*

                              By: _____
                                  Howard Karasik, Esq.
                              70 East 55th Street
                              New York, New York 10022
                              Tel: (212) 455-0450
                              Fax: (212) 986-1455
                              sckpc@erols.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                        Chapter 7
     107 East 60th Street Associates,
                           Debtor.        Case No.:  12-14133-SCC
                                  )
------------------------------------------------------------x

State of New York   )
              ) SS:
County of New York )

     Mitchel Maidman, being duly sworn, deposes and says that he is an authorized signatory

for TIF NYI LLC; that he has read the Motion prefixed hereto and that the same is true and

accurate; that, and upon information and belief, the Premises have no value in excess of the TIF

Mortgages on the Premises; that the Amit Mortgage on the Premises was issued by LLC, not the

Debtor, an obvious fact known to Amit; and that the Amit Mortgage has no value whatsoever.

     As to the relationship between the Debtor and Amit, it is deponent's belief that the

relationship between Amit, Betar and LLC and/or the Debtor is not an arms-length relationship

and that Amit's involuntary bankruptcy petition was filed for the sole purpose of impeding the

Judgment foreclosure sale with a view towards improperly extracting money from TIF.

     To date, TIF has incurred and will incur legal fees estimated to be in the sum of not less

than $5,000.00 for which Amit should compensate TIF.

                                              Mitchel Maidman

Sworn to before me this
_7_ day of December, 2012

KAREN TOBY
NOTARY PUBLIC, State of New York
No. 03-6354904
Qualified in Bronx County
Cert. Filed in New York County
Commission Expires May 19, 2014

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: *JEFFREY K. OING*                    PART 48
                         _Justice_

Index Number : 100997/2009                    INDEX NO. _____
ASTORIA FEDERAL SAVINGS
                                              MOTION DATE _____
vs
107 EAST 60TH STREET                          MOTION SEQ. NO. _____
Sequence Number : 006
JUDGMENT OF FORECLOSURE & SALE                MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

                                                        PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...    _____

Answering Affidavits — Exhibits _____                         _____

Replying Affidavits _____                                     _____

Cross-Motion:   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion *FOR A JUDGEMENT*
*OF FORECLOSURE AND SALE IS GRANTED.*
*JUDGMENT SIGNED*

## UNFILED JUDGMENT

This judgment has not been entered by the County Clerk
and notice of entry cannot be served based hereon. To
obtain entry, counsel or authorized representative must
appear in person at the Judgment Clerk's Desk (Room
141B).

Dated: ___5/10/12___

                                    **JEFFREY K. OING**
                                    J.S.C.                    J.S.C.

Check one:   ☒ **FINAL DISPOSITION**    ☐ **NON-FINAL DISPOSITION**

Check if appropriate:   ☐ **DO NOT POST**        ☐ **REFERENCE**

☐ SUBMIT ORDER / ...

*MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE*
*FOR THE FOLLOWING REASON(S):*

# COMMERCIAL FORECLOSURE – NOT SUBPRIME OR HIGH COST LOAN

At the Supreme Court of the State of New York, County of New York, ~~Motion~~ PART 48 ~~Submissions Part, Room 130,~~ 60 Centre Street, New York, New York 10007 held on the 10th day of MAY, 2012

PRESENT:

      HON. JEFFREY K. OING, J.S.C.
                    JUSTICE.

**ORIGINAL**

-----------------------------------------------------------------X

ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION,

                                  Plaintiffs

      -against-

107 EAST 60TH STREET ASSOCIATES, LLC; THE STILLWATER ASSET BACKED FUND, LP,



                               Defendants.

-----------------------------------------------------------------X

Index No.: 100997/2009

**JUDGMENT OF FORECLOSURE AND SALE**

      On the reading of the following, all now duly filed in the office of the Clerk of New York County and on all the proceedings thereon particularly the:

      Summons and Verified Complaint filed on January 26, 2009 and on all the affidavits of

1

service, showing that each and all of the defendants herein have been personally served with said summons and complaint, or have voluntarily appeared herein by their respective attorneys; and upon the

Notice of Pendency of Action filed on January 26, 2009; and upon the

Order of Reference dated May 27, 2009 appointing a referee to compute the amount due the plaintiff upon the bond (note) and mortgage set forth in the verified complaint and to examine and report whether or not the mortgaged premises can be sold in parcels; and upon the

Affidavit of Merit of John King, First Assistant Vice President of Astoria Federal Savings and Loan Association, sworn to on May 23, 2011 and Affidavit of Merit of John King, and Affidavit of Merit of Mitchell A. Maidman, Authorized Officer of TIF-NYI, LLC, the plaintiff by assignment herein; and upon the

The Transcript of the Referee Hearing held by Linda Rzesniowiecki, Referee, on January 5, 2012 at which hearing John King testified that, *inter alia*, as of April 1, 2011 the amount due by Defendant 107 East 60th Street Associates, LLC to the Plaintiff is in the sum of $4,331,767.68; and upon the

Affirmation of Regularity of Harry Zubli, Esq., attorney for plaintiffs, dated February 27, 2012 with exhibits annexed hereto, proving that more than thirty days had elapsed since such service upon said defendants was completed and since said defendants appeared, as aforesaid, and that none of the defendants had served an answer to said verified complaint, moved with respect thereto, and that no necessary defendant is an infant, incompetent, absentee or in the military; and that said defendants are in default, and that as of April 1, 2011 there is due by Defendant 107 East 60th Street Associates, LLC to the Plaintiff under the notes and mortgages the sum of $4,331,767.68;

2

SEE PROFILE

NOW, on motion of Harry Zubli, Esq., plaintiff's attorney it is

**ORDERED** that the plaintiff's motion is hereby granted without opposition, and it is further

**ORDERED, ADJUDGED AND DECREED**, that, as of April 1, 2011, the following Amounts are Due to Plaintiff by Defendant/Mortgagor 107 EAST 60TH STREET ASSOCIATES, LLC:

### FIRST NOTE AND MORTGAGE

| | |
|---|---|
| Unpaid Principal Balance: | $2,019,460.04 |
| Deferred Interest: | $123,991.00 |
| Late Charges: | $6,549.76 |
| 4/1/11 Payment Due: | $33,657.67 |
| **Total Due on Note A and Mortgage A as of April 1, 2011:** | **$2,183,658.47** |

| | |
|---|---|
| Default Interest Rate on the aforementioned Note A and Mortgage A: | **20%** |
| Per Diem interest on the aforementioned Note A and Mortgage A: | **$1,121.92** |

### SECOND NOTE AND MORTGAGE

| | |
|---|---|
| Unpaid Principal Balance: | $1,958,844.40 |
| Deferred Interest: | $119,432.00 |
| Late Charges: | $4,538.00 |
| 3/1/11 Payment Due: | $32,647.41 |
| 4/1/11 Payment Due: | $32,647.41 |
| **Total Due on Note A and Mortgage A as of April 1, 2011:** | **$2,148,109.21** |

3

Default Interest Rate on the aforementioned Note B and Mortgage B:    20%
Per Diem interest on the aforementioned Note B and Mortgage B:    $1,088.25

**TOTAL SUM DUE TO PLAINTIFF ON**
**THE AFOREMENTIONED NOTES AND**
**MORTGAGES AS OF APRIL 1, 2011 .............**    $4,331,767.68

, and it is further

**ORDERED, ADJUDGED AND DECREED**, that that the mortgaged premises described in the complaint in this action can be sold in one parcel; and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises described in the complaint in this action, as hereinafter set forth, be sold at public auction in one parcel on a Wednesday at 2:00 PM at the Supreme Court of the State of New York, County of New York, Room 130, 60 Centre Street, New York, New York 10007 by _Rubin ferziger_ Telephone Number _212 490 585_ _708 3d avenue N.Y. 10019 Rm 2010_ , who is hereby appointed Referee for that purpose. That said Referee give public notice of the time and place of sale, according to law and the course and practice of this Court, by publishing notice of sale in the _New York Law Journal_ ; that the plaintiff or any other party to this action may become the purchaser or purchasers at such sale; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that said Referee on receiving the proceeds of sale forthwith pay therefrom the taxes, assessments and water and sewer rents which are, or may become liens on the premises at the time of sale and any such payments shall be allowed to the plaintiff and applied by said referee upon the amounts due to the plaintiff as specified below in item marked "THIRD". That said referee then deposit the amount received at sale in _JP Morgan Chase_ ("Depository") and shall thereafter make the following payments:

4

First:  The statutory fees of said referee, in the amount of $500.00.

Second:  Expenses of sale and advertising expenses as shown on the bill(s) presented and certified by the Referee to be correct. Duplicate receipts shall be annexed to the Report of Sale.

Third:    Said Referee shall also pay to the plaintiff or its attorneys, the sum of $4,331,767.68 together with interest at the rate of 20% per annum set forth in the notes and mortgages from April 1, 2011, together with legal interest from the date of entry hereof, together with advances from the date specified in said report, plus the sum of $_____ adjudged to the plaintiff for costs and disbursements in this action as taxed by the Clerk of the Court with interest thereon from the date of entry hereof, together with an additional allowance of $ 300 _____ hereby awarded to plaintiff in addition to costs and disbursements with interest thereon from the date of entry hereof, or so much as the purchase money of the mortgaged premises will pay of the same.  The Referee shall take a receipt therefor, and file it with the referee's report of sale.

And said Referee shall pay to the plaintiff a reasonable sum for preservation of the property upon presentation of receipts for such expenditures to said referee.

And said Referee shall pay to plaintiff an attorney's fee ~~as authorized by the said~~ TO BE DETERMINED AT AN ASSESSMENT THEREOF ~~mortgage in the amount of $_____~~.

Fourth:  If such Referee intends to apply for a further allowance for fees, the Referee may leave upon deposit such amount as will cover such additional allowance to await the further order of this Court thereon after application duly made.

Fifth:  That in case the plaintiff be purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this Judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with the

said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at

said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold upon

the payment to said Referee of the amounts specified above in items marked "FIRST" and

"SECOND" and the amounts of the aforesaid taxes, assessments and water and sewer rents, and

interest or penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing

with said Referee receipts of the proper municipal authorities showing the payment thereof that

the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the

plaintiff, for preservation of the property, Referee fees, expenses of sale, and taxes, assessments

and water and sewer rents shall be allowed to the plaintiff and applied by said Referee upon the

amounts due to the plaintiff as specified above in item marked "THIRD"; that if after so applying

the balance of the amount bid, there shall be a surplus over and above the said amounts due to the

plaintiff, the plaintiff shall pay to said Referee, upon delivery to it of said Referee's deed, the

amount of surplus; that said Referee on receiving said several amounts from plaintiff shall

forthwith pay therefrom said taxes, assessments, water and sewer rents and interest or penalties

thereon, unless the same have already been paid, and shall then deposit the balance in said

Depository.

Sixth: That said Referee take the receipt of the plaintiff or its attorneys for the amounts

paid as herein before directed in item marked "THIRD", and file it with the referee's report of

sale; that said referee deposit the surplus moneys, if any, with the New York County Clerk within

five days after the same shall be received and be ascertainable, to the credit of this action, to be

withdrawn only on the order of the Court, signed by a Justice of the Court; that the said Referee

make a report of such sale and file it with the Clerk of New York County within thirty days of

completing the sale and executing a proper conveyance to the purchaser; and that the purchaser

or purchasers at such sale be let into possession on production of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of said sale be insufficient to pay the amount so reported due the plaintiff, with the expenses of sale, interest, cost and allowance, as aforesaid, the said referee shall specify the amount of such deficiency in the referee's report of sale; that the plaintiff recover of the defendant 107 EAST 60TH STREET ASSOCIATES, LLC, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount is determined and awarded by an order of this Court as provided for in said section; and that the purchaser or purchasers at such sale be let into possession of the premises sold to them on production of the referees deed or deeds of said premises; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action and all persons claiming through or under them, or any or either of them, after the filing of such notice of pendency of this action, are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, an covenants, restrictions, declarations, reservations, easements, right of

7

way and public utility agreements of record, and building and zoning ordinances of the

municipality in which the mortgaged premises is located and possible violations of same, any

rights of tenants or persons in possession of the subject premises, prior liens of record, any,

except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law,

and any equity of redemption of the United States of America to redeem the premises within 120

days from the date of sale. Risk of loss shall not pass to purchaser until closing of title and it is

further

**ORDERED, ADJUDGED AND DECREED**, that in absence of the Referee, the Court

may designate a Substitute Referee forthwith; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee appointed herein is

subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified

from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify

the Appointing Judge forthwith; and it is further

**ORDERED, ADJUDGED AND DECREED**, that a copy of this Judgment with Notice

of Entry shall be served upon the designated Referee, the owner of the equity redemption as of

the date of this Order, any tenants named in this action and any other party entitled to notice

Said premises commonly known as: 107 East 60th Street, New York, New York 10065 (Block: 1395, Lot: 4), more particularly described in Schedule A annexed hereto.

☐ DO NOT POST

ENTER

JUSTICE OF SUPREME COURT

J.S.C.

JEFFREY K. OING
J.S.C.

8

# EXHIBIT 2

**Premises:**          107 East 60th St, NY, NY

**Foreclosure Sale Date:**   10/3/2012

| | |
|---|---:|
| Judgment/Computation Amount: | $4,331,767.68 |
| Interest from Computation Date (4/1/2011) through Judgment Date (5/10/2012) at 20% (406 days @ $2210.17 per day) | $897,329.02 |
| Interest from Judgment Date (5/10/2012) through Sale Date (10/3/2012) at 9% (145 days @ $1082.94 per day) | $157,026.30 |
| Interest from Sale Date (10/3/2012) through Closing Date (10/3/2012) at 9% ( 30 days @ $1082.94 per day) | |
| Costs and Disbursements as per Judgment: | $0.00 |
| Additional Allowance as per Judgment: | $300.00 |
| Legal Fees as Per Judgment: | $0.00 |
| Open Real Estate Taxes as of Sale Date: | $109,815.80[1] |
| Open Water/Sewer Charges and Assessments as of Sale Date: | $5,086.73[2] |
| Tax Lien Balance as of Sale Date: | TBD |
| Advances Paid by Plaintiff After Computation Date: | $0.00 |
| Referee's Fee to Conduct Sale: | $500.00 |
| Publication Fee: | $1,183.00 |
| Insurance & Other Protective Advances: | $7,500.00[3] |
| Payments Received: | $0.00 |
| **TOTAL DUE PLAINTIFF:** | $5,510,508.53 |

---

[1] Exact figure to be confirmed with the NYC Department of Finance.
[2] Exact figure to be confirmed with the NYC Department of Finance.
[3] Estimated amount. Exact figure to be confirmed by Receiver.

# EXHIBIT 3

# Search Results By Parcel Identifier

**Current Search Criteria:**
Borough: **MANHATTAN / NEW YORK**
Block:   01395
Lot:     0004
Date Range: **To Current Date**
Document Class: **All Document Classes**

Date & Time: 12/4/2012 11:29:06 AM

Page: 1 of 7          Records: 1 - 92

| Reel/Page File | CRFN | Lot | Partial Lot | Recorded / Filed | Document Type | Pages | Party 1 | Party 2 | Party 3/ Other | More 1 or 2 | Corr. Rem. | Doc. Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2012000216393 | 4 | E | 6/4/2012 11:44:25 AM | SUNDRY AGREEMENT | 7 | 107 EAST 60TH STREET ASSOCIATES, LLC | | | X | | 0 |
| | 2011000279413 | 4 | E | 8/9/2011 11:00:08 AM | ASGN OF ASGN OF L&R | 3 | TIF-NYI, LLC | GALSTER FUNDING LLC | | | | 0 |
| | 2011000279412 | 4 | E | 8/9/2011 11:00:07 AM | ASSIGNMENT, MORTGAGE | 6 | TIF-NYI, LLC | GALSTER FUNDING LLC | | | | 0 |
| | 2011000279411 | 4 | E | 8/9/2011 11:00:06 AM | ASSIGNMENT, MORTGAGE | 4 | TIF-NYI, LLC | GALSTER FUNDING LLC | | | | 0 |
| | 2011000279410 | 4 | E | 8/9/2011 11:00:05 AM | ASGN OF ASGN OF L&R | 3 | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | TIF-NYI, LLC | | | | 0 |
| | 2011000279409 | 4 | E | 8/9/2011 11:00:04 AM | ASSIGNMENT, MORTGAGE | 3 | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | TIF-NYI, LLC | | | | 0 |
| | 2011000279408 | 4 | E | 8/9/2011 11:00:03 AM | ASSIGNMENT, MORTGAGE | 5 | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | TIF-NYI, LLC | | | | 0 |
| | 2009000183525 | 4 | E | 6/17/2009 10:03:37 AM | RELEASE | 9 | PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP | | X | | 0 |
| | 2009000183524 | 4 | E | 6/17/2009 10:03:36 AM | PARTIAL RELEASE OF MORTGAGE | 9 | PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP | | X | | 0 |
| | 2009000183523 | 4 | E | 6/17/2009 10:03:35 AM | PARTIAL RELEASE OF MORTGAGE | 9 | PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP | | X | | 0 |
| | 2009000183072 | 4 | P | 6/16/2009 4:03:28 PM | UCC3 TERMINATION | 5 | PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP | | X | | 0 |
| | 2008000145547 | 4 | E | 4/11/2008 9:20:53 AM | PARTIAL RELEASE OF MORTGAGE | 6 | GALSTER FUNDING LLC | | | | | 0 |
| | 2007000605109 | 4 | P | 12/10/2007 2:29:15 PM | INITIAL UCC1 | 9 | PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP | | X | | 0 |
| | 2007000535449 | 4 | E | 10/23/2007 3:26:30 PM | ASSIGNMENT OF LEASES AND RENTS | 11 | PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP | | X | | 3,500,000 |

## Search Results By Parcel Identifier

Date & Time:  12/4/2012  11:29:06 AM
Page:  2  of  7

| Reel/Page File | CRFN | Lot | Partial Lot | Recorded / Filed | Document Type | Pages | Party 1 | Party 2 | Party 3/ Other | More 1 or 2 | Corr. Rem. | Doc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2007000535448 | 4 | E | 10/23/2007 3:26:29 PM | MORTGAGE | 39 | PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP | | X | | 3,500,000 |
| | 2007000533319 | 4 | E | 10/22/2007 2:12:09 PM | COLLATERAL MORTGAGE | 21 | PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP | | X | | 500,000 |
| | 2006000696185 | 4 | E | 12/20/2006 12:28:45 PM | PARTIAL RELEASE OF MORTGAGE | 4 | TREFF & LOWY PLLC | PERLA, NISSAN | | X | | 0 |
| | 2006000696184 | 4 | E | 12/20/2006 12:28:44 PM | PARTIAL RELEASE OF MORTGAGE | 5 | TARON PARTNERS LLC | NP HOLDING LLC | | X | | 0 |
| | 2006000696183 | 4 | E | 12/20/2006 12:28:43 PM | AGREEMENT | 8 | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | 107 EAST 60TH STREET ASSOCIATES, LLC | | | | 2,200,000 |
| | 2006000696182 | 4 | E | 12/20/2006 12:28:42 PM | MORTGAGE | 33 | 107 EAST 60TH STREET ASSOCIATES, LLC | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | | | | 2,000,000 |
| | 2006000696181 | 4 | E | 12/20/2006 12:28:41 PM | DEED | 4 | WORCH, ISRAEL | 107 EAST 60TH STREET ASSOCIATES, LLC | | | | 0 |
| | 2006000486965 | 4 | E | 8/29/2006 8:34:52 AM | DECLARATION | 6 | WORCH, ISRAEL | | | | | 0 |
| | 2006000169094 | 4 | E | 3/27/2006 11:58:22 AM | MORTGAGE | 36 | PERLA, NISSAN | TREFF & LOWY PLLC, AS NOMINEE | | X | | 2,500,000 |
| | 2005000528314 | 4 | E | 9/21/2005 11:54:30 AM | AGREEMENT | 22 | 107 EAST 60TH STREET ASSSOCIATES, LLC | GALSTER FUNDING LLC | | X | | 3,000,000 |
| | 2005000528313 | 4 | E | 9/21/2005 11:54:29 AM | MORTGAGE | 7 | 107 EAST 60TH STREET ASSSOCIATES, LLC | GALSTER FUNDING LLC | | X | | 1,500,000 |
| | 2005000503274 | 4 | E | 9/8/2005 4:52:12 PM | ASSIGNMENT, MORTGAGE | 4 | LZG REALTY LLC | TARON PARTNERS LLC | | | | 0 |
| | 2005000486341 | 4 | E | 8/30/2005 12:20:02 PM | TERMINATION OF ASSIGN OF L&R | 4 | LZG REALTY, LLC | N.P. HOLDING, LLC | | X | | 0 |
| | 2004000696632 | 4 | E | 11/10/2004 2:43:30 PM | TERMINATION OF ASSIGN OF L&R | 3 | N.P. HOLDING, LLC | LZG REALTY, LLC | | X | | 0 |
| | 2004000696631 | 4 | E | 11/10/2004 2:43:29 PM | MORTGAGE | 17 | 107 EAST 60TH STREET ASSOCIATES, LLC. | GALSTER FUNDING, LLC. | | X | | 1,500,000 |

# Search Results By Parcel Identifier

Date & Time: **12/4/2012  11:29:06 AM**
Page: **3 of 7**

| Reel/Page File | CRFN | Lot | Partial Lot | Recorded / Filed | Document Type | Pages | Party 1 | Party 2 | Party 3/ Other | More 1 or 2 | Corr. Rem. | Doc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2004000341143 | 4 | E | 6/3/2004 12:00:55 PM | ASSIGNMENT OF LEASES AND RENTS | 18 | LZG REALTY, LLC | N.P. HOLDING, LLC | | X | | 0 |
| | 2004000341142 | 4 | E | 6/3/2004 12:00:54 PM | MORTGAGE | 37 | N.P. HOLDING, LLC | LZG REALTY, LLC | | X | | 2,000,000 |
| | 2004000049769 | 4 | E | 1/27/2004 1:44:04 PM | UCC3 TERMINATION | 5 | 107 E. 60TH STREET ASSOCIATES, LLC | NORTH FORK BANK | | | | 0 |
| | 2004000049768 | 4 | E | 1/27/2004 1:44:03 PM | TERMINATION OF ASSIGN OF L&R | 3 | 107 EAST 60TH STREET ASSOCIATES, LLC | RELIANCE FEDERAL SAVINGS BANK | | | | 0 |
| | 2004000049767 | 4 | E | 1/27/2004 1:44:02 PM | TERMINATION OF ASSIGN OF L&R | 3 | 107 EAST 60TH STREET ASSOCIATES, LLC | NORTH FORK BANK | | | | 0 |
| | 2004000049766 | 4 | E | 1/27/2004 1:44:01 PM | ASSIGNMENT OF LEASES AND RENTS | 10 | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | 107 EAST 60TH STREET ASSOCIATES, LLC | | | | 2,200,000 |
| | 2004000049765 | 4 | E | 1/27/2004 1:44:00 PM | MORTGAGE AND CONSOLIDATION | 34 | 107 EAST 60TH STREET ASSOCIATES, LLC | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | | | | 2,200,000 |
| | 2004000049764 | 4 | E | 1/27/2004 1:43:59 PM | ASSIGNMENT, MORTGAGE | 4 | NORTH FORK BANK | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | | | | 0 |
| | 2004000049763 | 4 | E | 1/27/2004 1:43:58 PM | ASSIGNMENT, MORTGAGE | 5 | NORTH FORK BANK | ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION | | | | 0 |
| | 2003000116129 | 4 | E | 5/5/2003 11:45:46 AM | TERMINATION OF ASSIGN OF L&R | 4 | 107 EAST 60TH STREET ASSOCIATES, LLC | AM FEURMAN LLC | | X | | 0 |
| | 2003000116128 | 4 | E | 5/5/2003 11:45:46 AM | PARTIAL RELEASE OF MORTGAGE | 5 | AM FEURMAN LLC | N.P. HOLDING, LLC | | X | | 0 |
| 3513/1613 | | 4 | E | 5/14/2002 | ASSIGNMENT, MORTGAGE | 6 | 107 60TH STREET ASSOCIATES LLC | FEURMAN, AM | | X | | 0 |
| 3513/1589 | | 4 | E | 5/14/2002 | AGREEMENT | 18 | AM FEURMAN LLC | N.P. HOLDING, LLC | | X | | 0 |
| 3264/1949 | | 4 | E | 4/2/2001 | ASSIGNMENT, MORTGAGE | 6 | 107 EAST 60TH STREET ASSOCIATES, LLC | NORTH FORK BANK | | | | 0 |
| 3264/1934 | | 4 | E | 4/2/2001 | MORTGAGE | 15 | 107 EAST 60TH STREET ASSOCIATES, LLC | NORTH FORK BANK | | | | 550,000 |

**Search Results By Parcel Identifier**

| Reel/Page File | CRFN | Lot | Partial Lot | Recorded / Filed | Document Type | Pages | Party 1 | Party 2 | Party 3/ Other | More 1 or 2 | Corr. Rem. | Doc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01PN14977 | | 4 | E | 3/29/2001 | INITIAL UCC1 | 2 | 107 EAST 60TH STREETASSOCIATES, LLC | NORTH FORK BANK | | | | 0 |
| 2963/1161 | | 4 | E | 9/29/1999 | ASSIGNMENT, MORTGAGE | 8 | 107 EAST 60TH STREETASSOCIATES, LLC | RELIANCE FEDERAL SAVINGS BANK | | | | 0 |
| 2963/1113 | | 4 | E | 9/29/1999 | AGREEMENT | 48 | 107 EAST 60TH STREETASSOCIATES, LLC | RELIANCE FEDERAL SAVINGS BANK | | | | 0 |
| 2963/1110 | | 4 | E | 9/29/1999 | ASSIGNMENT, MORTGAGE | 3 | CFS BANK | RELIANCE FEDERAL SAVINGS BANK | | | | 0 |
| 2963/1069 | | 4 | E | 9/29/1999 | MORTGAGE | 44 | 107 EAST 60TH STREETASSOCIATES, LLC | RELIANCE FEDERAL SAVINGS BANK | | | | 307,197 |
| 2963/1063 | | 4 | E | 9/29/1999 | DEED | 6 | SIXTY PARKS, INC. | 107 EAST 60TH STREETASSOCAITES, LLC | | | | 0 |
| 99PN52040 | | 4 | E | 9/22/1999 | INITIAL UCC1 | 2 | 107 EAST 60TH STREETASSOCIATES, LLC | RELIANCE FEDERAL SAVINGS BANK | | | | 0 |
| 90PN44194 | | 4 | E | 9/17/1990 | UCC3 RELEASE/UCC AMENDMENT | 1 | 525 PARK AVE ASSOCS. | CHASE MANHATTAN BANK | | | | 0 |
| 90PN43488 | | 4 | E | 9/11/1990 | UCC3 RELEASE/UCC AMENDMENT | 1 | 525 PARK AVE ASSOCS. | CHASE MANHATTAN BANK | | | | 0 |
| 90PN24904 | | 4 | E | 5/22/1990 | UCC3 RELEASE/UCC AMENDMENT | 1 | 525 PARK AVE ASSOCS. | CHASE MANHATTAN BANK | | | | 0 |
| 90PN13511 | | 4 | E | 3/15/1990 | UCC3 RELEASE/UCC AMENDMENT | 1 | 525 PARK AVE ASSOCS. | CHASE MANHATTAN BANK | | | | 0 |
| 90PN04032 | | 4 | E | 1/23/1990 | UCC3 RELEASE/UCC AMENDMENT | 2 | 525 PARK AVE ASSOCS. | CHASE MANHATTAN BANK | | | | 0 |
| 90PN01458 | | 4 | E | 1/9/1990 | UCC3 RELEASE/UCC AMENDMENT | 1 | 525 PARK AVE ASSOCS. | CHASE MANHATTAN BANK | | | | 0 |
| 90PN00001 | | 4 | E | 1/2/1990 | UCC3 RELEASE/UCC AMENDMENT | 9 | 525 PARK AVE ASSOCS. | CHASE MANHATTAN BANK | | | | 0 |
| 89PN67906 | | 4 | E | 12/26/1989 | UCC3 RELEASE/UCC AMENDMENT | 1 | 525 PARK AVE ASSOCS. | CHASE MANHATTAN BANK | | | | 0 |

# Search Results By Parcel Identifier

Date & Time:   12/4/2012  11:29:06 AM
Page:  **5** of **7**

| Reel/Page File | CRFN | Lot | Partial Lot | Recorded / Filed | Document Type | Pages | Party 1 | Party 2 | Party 3/ Other | More 1 or 2 | Corr. Rem. | Doc. Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8803/4968 | | 4 | E | 9/14/1988 | UNIFORM COMMERCIAL CODE 3 | 1 | 525 PARK AVE ASSOCS | CHASE MANHATTAN BANKN A | | | | 0 |
| 1459/1943 | | 4 | E | 9/2/1988 | SUNDRY AGREEMENT | 5 | CHASE MANHATTAN BANK | | | | | 0 |
| 1459/1939 | | 4 | E | 9/2/1988 | SUNDRY AGREEMENT | 4 | CHASE MANHATTAN BANK | | | | | 0 |
| 1459/1935 | | 4 | E | 9/2/1988 | SUNDRY AGREEMENT | 4 | CHASE MANHATTAN BANK | | | | | 0 |
| 1407/2233 | | 4 | E | 5/26/1988 | SUNDRY AGREEMENT | 10 | SIXTY PARKS INC | | | X | | 0 |
| 1407/2227 | | 4 | E | 5/26/1988 | MORTGAGE | 6 | SIXTY PARKS INC | COLUMBIA FDRL SVGS BK | | | | 1,250,000 |
| 1407/2223 | | 4 | E | 5/26/1988 | DEED | 4 | 525 PARK AVE ASSOCS | SIXTY PARK INC | | | | 0 |
| 1340/508 | | 4 | E | 12/29/1987 | SUNDRY AGREEMENT | 7 | TICOR TITLE GUARANTEE CO | | | | | 0 |
| 1340/503 | | 4 | E | 12/29/1987 | SUNDRY AGREEMENT | 5 | 525 PARK AVE ASSOCS | | | | | 0 |
| 1402/715 | | 4 | E | 5/16/1987 | SUNDRY MISCELLANEOUS | 0 | TL HOLDING CORP | MANUFACTURERS HANO TR CO | | | | 0 |
| 86PN65595 | | 4 | E | 12/15/1986 | INITIAL UCO1 | 0 | 525 PARK AVE ASSOCS | CHASE MANHATTAN BANK | | | | 0 |
| 8601/6559 | | 4 | E | 12/15/1986 | UNIFORM COMMERCIAL CODE 1 | 0 | 525 PARK AVE ASSOCIATES | CHASE MANHATTAN BANK, NS | | | | 0 |
| 1157/634 | | 4 | E | 12/15/1986 | MORTGAGE | 32 | 525 PARK AVE ASSOCS | CHASE MANHATTAN BANK | | | | 7,498,755 |
| 1157/601 | | 4 | E | 12/15/1986 | MORTGAGE | 33 | 525 PARK AVE ASSOCS | CHASE MANHATTAN BANK | | | | 19,791,245 |
| 1157/554 | | 4 | E | 12/15/1986 | AGREEMENT | 47 | 525 PARK AVE ASSOCIATES | CHASE MANHATTAN BANKNA | | | | |

## Search Results By Parcel Identifier

Date & Time:  12/4/2012  11:29:06 AM
Page:  6 of 7

| Reel/Page File | CRFN | Lot | Partial Lot | Recorded / Filed | Document Type | Pages | Party 1 | Party 2 | Party 3/ Other | More 1 or 2 | Corr. Rem. | Doc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1157/548 | | 4 | E | 12/15/1986 | DECLARATION | 6 | CHASE MANHATTAN BANK, NA | | | | | 0 |
| 1157/530 | | 4 | E | 12/15/1986 | DECLARATION | 19 | 522 PARK AVE. ASSOCIATES | | | | | 0 |
| 1157/518 | | 4 | E | 12/15/1986 | ASSIGNMENT, MORTGAGE | 12 | MANUFACTURERS HANO.TR.CO | CHASE MANHATTAN BANK,NA | | | | 0 |
| 8403/2608 | | 4 | E | 5/16/1984 | UNIFORM COMMERCIAL CODE 3 | 0 | ARMADA/NSW PARTNERS | | | | | 0 |
| 793/231 | | 4 | E | 5/16/1984 | MORTGAGE | 28 | 525 PARK AV ASSOCIATES | MANUFACTURERS HANOVRETC | | | | 31,399,033 |
| 793/227 | | 4 | E | 5/16/1984 | ASSIGNMENT, MORTGAGE | 4 | T L HOLDING CORP | MANUFACTURERS HAN TR CO. | | | | 0 |
| 8303/4776 | | 4 | E | 11/16/1983 | UNIFORM COMMERCIAL CODE 3 | 0 | ARMADA/NSW PARTNERS | | | | | 0 |
| 735/13 | | 4 | E | 11/10/1983 | ASSIGNMENT, MORTGAGE | 4 | BANQUE ARABE ETC | T L HOLDING CORP. | | | | 0 |
| 735/9 | | 4 | E | 11/10/1983 | DEED | 4 | ARMADA/NSW PTNR | 521 PARK AVE.ASSOCIATES | | | | 0 |
| 637/197 | | 4 | E | 9/2/1982 | MORTGAGE | 38 | ARMADA/NSW PARTNERS | BANQUE ARABE ET INT.ETC | | | | 7,200,000 |
| 8201/2858 | | 4 | E | 8/25/1982 | UNIFORM COMMERCIAL CODE 1 | 0 | ARMADA/NSW PARTNERS | | | | | 0 |
| 603/1093 | | 4 | E | 1/29/1982 | DEED | 3 | LEDWOOD CORPORATION | ARMADA/NSW PARTNERS | | | | 0 |
| 603/1093 | | 4 | E | 1/29/1981 | DEED | 0 | LEDWOOD CORP | ARMADA/NWS PARTNERS | | | | 0 |
| 40035/37 | | 4 | E | 3/25/1966 | AGREEMENT | 5 | 521 PARK AVE CORP | EXCELSIOR SAVINGS BANK | | | | 0 |
| 40026/292 | | 4 | E | 3/3/1966 | DEED | 2 | 521 PARK AVE CORP | LEDWOOD CORP | | | | 0 |

# Search Results By Parcel Identifier

Date & Time: 12/4/2012  11:29:06 AM
Page: 7 of 7

| Reel/Page File | CRFN | Lot | Partial Lot | Recorded / Filed | Document Type | Pages | Party 1 | Party 2 | Party 3/ Other | More 1 or 2 | Corr. Rem. | Doc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 40026/287 | | 4 | E | 3/3/1966 | MORTGAGE | 5 | 521 PARK AVE CORP | EXCELSIOR SAVINGS BANK | | | | |
| 40026/285 | | 4 | E | 3/3/1966 | ASSIGNMENT, MORTGAGE | 2 | STAFFORD FREDERICK | EXCELSIOR SAVINGS BANK | | | | |
| 40026/283 | | 4 | E | 3/3/1966 | DEED | 2 | LEDWOOD CORP | 521 PARK AVE CORP | | | | |

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2006102301810001001E95EA

## RECORDING AND ENDORSEMENT COVER PAGE     PAGE 1 OF 4

| Document ID: 2006102301810001 | Document Date: 10-19-2006 | Preparation Date: 10-23-2006 |
|---|---|---|

Document Type: DEED
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| INFINITY LAND SERVICES LLC<br>AS AGENT FOR FIDELITY NATIONAL TITLE<br>IL2883<br>974 EAST 27TH STREET<br>BROOKLYN, NY 11210<br>718-338-4200 | JOSEPH TREFF, ESQ.<br>134 BROADWAY, SUITE 514<br>BROOKLYN, NY 11211 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1395 | 4 | Entire Lot | 107 EAST 60 STREET |

Property Type: COMMERCIAL REAL ESTATE

### CROSS REFERENCE DATA

CRFN_____ or Document ID_____ or _____ Year____ Reel____ Page____ or File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| ISRAEL WORCH<br>390 BERRY STREET, SUITE 200<br>BROOKLYN, NY 11211 | 107 EAST 60TH STREET ASSOCIATES, LLC<br>1122 57TH STREET<br>BROOKLYN, NY 11219 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 165.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| NYCTA: | $ | 0.00 | Recorded/Filed    12-20-2006 12:28 | | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | **2006000696181** | | |
| Recording Fee: | $ | 52.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

*City Register Official Signature*

QUITCLAIM DEED - INDIVIDUAL OR CORPORATION

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

*This Indenture* made the 19th day of October, 2006

*Between*

> ISRAEL WORCH
> 390 BERRY STREET
> SUITE 200
> BROOKLYN, NY 11211

party of the first part, and

> 107 EAST 60TH STREET ASSOCIATES, LLC
> 1122 57TH STREET
> BROOKLYN, NY 11219

party of the second part,

*Witnesseth*, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby remise, release and quitclaim unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

*All* that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the **County of New York, State of New York**

> ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City and State of New York, bounded and described as follows:
>
> BEGINNING at a point on the northerly line of East 60th Street, distant 60 feet easterly from the intersection of the easterly line of Park Avenue with the northerly line of East 60th Street;
>
> RUNNING THENCE northerly and parallel with Park Avenue, 100 feet 5 inches and part of the way through a party wall to the center line of the block;
>
> THENCE easterly parallel with East 60th Street, 20 feet;
>
> THENCE southerly parallel with Park Avenue and part of the way through a party wall, 100 feet 5 inches to the northerly line of East 60th Street;
>
> THENCE westerly along the northerly line of East 60th Street, 20 feet to the point or place of BEGINNING.

> FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 4 in Block 1395 on the New York County Tax Map.
>
> Said premises is known as: 107 East 60th Street, New York, NY

> For conveyancing only:
>
> TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.
>
> This quitclaim deed is being executed to release any interest of Israel Worch obtained in declaration filed 8/29/2006 in CRFB 2006000486965

*Together* with all right, title and interest, if any, of the party of the first part of, in and to any streets and roads abutting the above-described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

*And* the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

*In Witness Whereof,* the party of the first part has duly executed this deed the day and year first above written.

IN THE PRESENCE OF:

_____          _____{SEAL}
                                          **Israel Worch**

USE ACKNOWLEDGEMENT FORM BELOW WITHIN NEW YORK STATE ONLY:

State of New York, County of ___ K I N G S ___ } ss.:

On October 19, 2006, before me, the undersigned, personally appeared

Israel Worch

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

JUDAH A. ZELMANOVITZ
Notary Public, State of New York
No. 01ZE6114735
Qualified in Kings County
Commission Expires 6/23/20__ *(signature and office of individual taking acknowledgment)*

---

ACKNOWLEDGEMENT FORM FOR USE WITHIN NEW YORK STATE ONLY:
*(New York Subscribing Witness Acknowledgment Certificate)*

State of New York, County of _____ } ss.:

On October 17, 2006, before me, the undersigned, personally appeared

the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

*(if the place of residence is in a city, include the street and street number, if any, thereof);* that he/she/they know(s) N/A to be the individual(s) described in and who executed the foregoing instrument; that said subscribing witness was present and saw said N/A execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto.

*(signature and office of individual taking acknowledgment)*

---

USE ACKNOWLEDGEMENT FORM BELOW WITHIN NEW YORK STATE ONLY:

State of New York, County of _____ } ss.:

On October 19, 2006, before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*(signature and office of individual taking acknowledgment)*

---

ACKNOWLEDGEMENT FORM FOR USE OUTSIDE NEW YORK STATE ONLY:
*(Out of State or Foreign General Acknowledgment Certificate)*

State of _____, County of _____ } ss.:
*(Complete Venue with State, Country, Province or Municipality)*

On _____, before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the

*(insert the city or other political subdivision and the state or county or other place the acknowledgement was taken)*

*(signature and office of individual taking acknowledgment)*

---

*Quitclaim Deed*

Title No. IL2883

Worch

TO

107 East 60th Street Associates, LLC

---

DISTRICT
SECTION
BLOCK 1395
LOT 4
COUNTY OR TOWN New York

*RECORDED AT REQUEST OF*
Infinity Land Services, LLC

*RETURN BY MAIL TO*

Joseph Treff, Esq.
134 Broadway
Brooklyn, NY 11211

*Reserve this space for use of Recording office.*

NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER



2006102301810001001S5B6B

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

Document ID: 2006102301810001        Document Date: 10-19-2006        Preparation Date: 10-23-2006
Document Type: DEED

ASSOCIATED TAX FORM ID: 2006101900514

SUPPORTING DOCUMENTS SUBMITTED:

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

**RP - 5217NYC**
(Rev 11/2002)

**FOR CITY USE ONLY**

C1. County Code | C2. Date Deed Recorded | Month / Day / Year

C3. Book OR | C4. Page

C5. CRFN

**PROPERTY INFORMATION**

**1. Property Location**
107 | EAST 60 STREET | MANHATTAN | 10022
STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE

**2. Buyer Name**
107 EAST 60TH STREET ASSOCIATES, LLC
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**3. Tax Billing Address**
Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY | FIRST NAME
STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** 1 # of Parcels OR [ ] Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
6. Ownership Type is Condominium [ ]
7. New Construction on Vacant Land [ ]

**5. Deed Property Size**
FRONT FEET X DEPTH OR ACRES

**8. Seller Name**
WORCH | ISRAEL
LAST NAME / COMPANY | FIRST NAME
LAST NAME / COMPANY | FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

A [ ] One Family Residential
B [ ] 2 or 3 Family Residential
C [ ] Residential Vacant Land
D [ ] Non-Residential Vacant Land
E [✓] Commercial
F [ ] Apartment
G [ ] Entertainment / Amusement
H [ ] Community Service
I [ ] Industrial
[ ] Public Service

**SALE INFORMATION**

**10. Sale Contract Date** 10 / 19 / 2006
Month / Day / Year

**11. Date of Sale / Transfer** 10 / 19 / 2006
Month / Day / Year

**12. Full Sale Price** $
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**
A [ ] Sale Between Relatives or Former Relatives
B [ ] Sale Between Related Companies or Partners in Business
C [ ] One of the Buyers is also a Seller
D [ ] Buyer or Seller is Government Agency or Lending Institution
E [ ] Deed Type not Warranty or Bargain and Sale (Specify Below)
F [ ] Sale of Fractional or Less than Fee Interest (Specify Below)
G [ ] Significant Change in Property Between Taxable Status and Sale Dates
H [ ] Sale of Business is Included in Sale Price
I [✓] Other Unusual Factors Affecting Sale Price (Specify Below)
J [ ] None

**ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill**

**15. Building Class** S.9
**16. Total Assessed Value** (of all parcels in transfer)

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )
MANHATTAN 1395 4

**CERTIFICATION** I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

107 East 60th Street Associates

BUYER By Thomas Liberman

BUYER SIGNATURE | DATE 10/19/06

STREET NUMBER 107 | STREET NAME (AFTER SALE) East 60 St

CITY OR TOWN NY | STATE NY | ZIP CODE 10022

**BUYER'S ATTORNEY**
LAST NAME | FIRST NAME
AREA CODE | TELEPHONE NUMBER

**SELLER**
SELLER SIGNATURE | DATE 10/19/06

Israel Worch

2006101900514201

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

BUYER

BUYER'S ATTORNEY

_____ 10/16/06

BUYER SIGNATURE                    DATE          LAST NAME          FIRST NAME

Thomas Liberman mager

STREET NUMBER    STREET NAME (AFTER SALE)

107   East 60th Street Associates, LLC          AREA CODE    TELEPHONE NUMBER

CITY OR TOWN          STATE    ZIP CODE          SELLER

                                                 SELLER SIGNATURE          DATE

                                                 _____ 10/19/06

Israel Worch

2006101900514201

# AFFIDAVIT OF COMPLIANCE
# WITH SMOKE DETECTOR REQUIREMENT
# FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York          )
                           ) SS.:
County of _____          )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of
the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 107  EAST 60 STREET | | | |
|---|---|---|---|
| **Street Address** | | | **Unit/Apt.** |
| MANHATTAN | New York, 1395 | 4 | (the "Premises"); |
| **Borough** | **Block** | **Lot** | |

That the Premises is a one or two family dwelling, or  a cooperative apartment or condominium unit in a one- or
two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in
compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of
the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The
signatures of at least one grantor and one grantee are required, and must be notarized).

ISRAEL WORCH                                   Thomas Lieberman
**Name of Grantor** (Type or Print)            **Name of Grantee** (Type or Print)

_____                      _____
**Signature of Grantor**                       **Signature of Grantee**

Sworn to before me                             Sworn to before me
this __19__ date of _October_  19 2006         this __20__ date of _other_  19 2006

JUDAH A. ZELMANOVITZ                           MITCHEL GUBERMAN
Notary Public, State of New York               Notary Public, State of New York
No. 01ZE8114735                                No. 01GU4845405
Qualified in Kings County                      Qualified in Nassau County
Commission Expires 8/23/20 08                  Commission Expires January 6, 2010

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as
a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY
6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A
COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING,
WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

(1)

2006101900514101



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

**Customer Registration Form for Water and Sewer Billing**

## Property and Owner Information:

(1) Property receiving service is located in the Borough of  **MANHATTAN**
Block: **1395**                                    Lot: **4**
(2) Account Number (if applicable):
Meter Number (if available–include the letter):
(3) Street Address of Property Receiving Service:
Street **107 EAST 60 STREET**                    City **NY**          State  **NY**  Zip **10022**
(4) Full name, mailing address, home phone and business phone numbers of owner of property receiving service:
(please provide information on owner ONLY; do NOT give information on property manager or tenant):
Owner's Name        Business: **107 EAST 60TH STREET ASSOCIATES, LLC**
or Individual:
                                  (Last Name)                    (First Name)                    (MI)
Street **1122 57TH STREET**                      City **BROOKLYN**      State **NY**  Zip **11219**
Home Phone (Numbers only):                        Business Phone (Numbers only):

## Customer Billing Information:
**PLEASE NOTE:**

**A.** Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges.

**B.** Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, or the property being placed in a lien sale by the City.

**C.** Original bills for water and/or sewer service will be mailed to the owner, at the owner's address specified on this form. DEP will provide a duplicate copy of bills to one other party (such as a managing agent) if so requested below, provided, however, that any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her/its liability to pay all outstanding water and sewer charges.

(5) If you would like a duplicate copy of bills sent to another party, please check here ☐ and fill out the following information:
Name of Party to Receive Duplicate Copies of Bills:
(6) Mailing Address: Street                          City              State        Zip
(7) Relationship to Owner (check one):   Managing Agent ☐        Mortgagee ☐
                                         Tenant ☐    Other (please explain):

## Owner's Approval
The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A, B, C above in the section captioned "Customer Billing Information"; and that the information supplied by the under ▓▓▓▓ ue and complete to the best of his/her/its knowledge.

(8) Owner's EIN or SSN (Numbers on: ▓▓▓▓     E-mail:
(9) Name of Owner: 107 East 60 Street Associates, LLC by Thomas Lieberman
(10) Signature: Thomas Lieb
Name and Title of Person Signing for Owner, if applicable:
Date (mm/dd/yyyy): 10 / 20 / 06

2006101900514101

<table>
<tr><td>

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

</td><td>



2007092500946002001E1614

</td></tr>
</table>

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 11 |
|---|---|

**Document ID:** 2007092500946002    Document Date: 07-30-2007    Preparation Date: 09-25-2007
**Document Type:** ASSIGNMENT OF LEASES AND RENTS
**Document Page Count:** 9

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| INFINITY LAND SERVICES LLC IL2731 | TROUTMAN SANDERS LLP |
| **PICKUP** | ATTN: ROBERT J. CHANIS, ESQ. |
| AS AGENT FOR FIDELITY NATIONAL TITLE | 405 LEXINGTON AVENUE |
| 974 EAST 27TH STREET | NEW YORK, NY 10174 |
| BROOKLYN, NY 11210 | |
| 718-338-4200 | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1277 | 67 | Entire Lot | 4 EAST 43RD STREET |

**Property Type:** COMMERCIAL REAL ESTATE

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1510 | 58 | Entire Lot | 132 EAST 82ND STREET |

**Property Type:** COMMERCIAL REAL ESTATE

x  Additional Properties on Continuation Page

### CROSS REFERENCE DATA

**Document ID:** 2007092500946001

### PARTIES

| **ASSIGNOR:** | **ASSIGNEE:** |
|---|---|
| PALACE 43 LLC | THE STILLWATER ASSET BACKED FUND, LP |
| C/O OLYMPIC DIAMOND, 580 5TH AVENUE | 41 MADISON AVENUE |
| NEW YORK, NY 10036 | NEW YORK, NY 10010 |

x  Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 3,500,000.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | 255 | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| MTA: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| Additional MRT: | $ | 0.00 | Recorded/Filed    10-23-2007 15:26 | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | |
| Recording Fee: | $ | 86.00 | **2007000535449** | |
| Affidavit Fee: | $ | 8.00 | | |

*Annette M Hill*

***City Register Official Signature***

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2007092500946002001C1494

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 11 |
|---|---|

**Document ID:** 2007092500946002    Document Date: 07-30-2007    Preparation Date: 09-25-2007
Document Type: ASSIGNMENT OF LEASES AND RENTS

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1395 | 4 | Entire Lot | 107 EAST 60TH STREET |

**Property Type:** COMMERCIAL REAL ESTATE

**PARTIES**
**ASSIGNOR:**
CRESTVIEW CAPITAL LLC
C/O OLYMPIC DIAMOND, 580 5TH AVENUE
NEW YORK, NY 10036

**ASSIGNOR:**
107 EAST 60TH STREET ASSOCIATES, LLC
C/O OLYMPIC DIAMOND, 580 5TH AVENUE
NEW YORK, NY 10036

## ASSIGNMENT OF LEASES AND RENTS

- from -

## PALACE 43 LLC, CRESTVIEW CAPITAL LLC and

## 107 EAST 60TH STREET ASSOCIATES, LLC

-to-

## THE STILLWATER ASSET BACKED FUND LP

Dated: As of July 30, 2007

### Parcel I

| | |
|---|---|
| Street Address: | 4 East 43rd Street |
| Lot: | p/o old lot 6/ new lot: 67 |
| Block: | 1277 |
| County of: | New York |
| City of: | New York |
| State of: | New York |

### Parcel II

| | |
|---|---|
| Street Address: | 132 East 82nd Street |
| Lot: | 58 |
| Block: | 1510 |
| County of: | New York |
| City of: | New York |
| State of: | New York |

### Parcel III

| | |
|---|---|
| Street Address: | 107 East 60th Street |
| Lot: | 4 |
| Block: | 1395 |
| County of: | New York |
| City of: | New York |
| State of: | New York |

RECORD & RETURN TO:

Troutman Sanders LLP
405 Lexington Avenue
New York, New York 10174
Attn: Robert J. Chanis, Esq.

## ASSIGNMENT OF LEASES AND RENTS

THIS ASSIGNMENT OF LEASES AND RENTS made as of the 30th day of July 2007 by PALACE 43 LLC, a New York limited liability company, CRESTVIEW CAPITAL LLC, a New York limited liability company, and 107 EAST 60TH STREET ASSOCIATES, LLC, a New York limited liability company, each having an address c/o Olympic Diamond, 580 5th Avenue, New York, New York 10036 (collectively, "Assignor"), to THE STILLWATER ASSET BACKED FUND LP, a Delaware limited partnership, having an address at 41 Madison Avenue, New York, New York 10010 ("Assignee"):

Palace 43 LLC is the fee owner of the real property described as Parcel I in Schedule A attached hereto, Crestview Capital LLC is the fee owner of the real property described as Parcel II in Schedule A attached hereto and 107 East 60th Street Associates, LLC is the fee owner of the real property described as Parcel III in Schedule A attached hereto.

Assignor, together with 177 Concord Realty, LLC, is jointly and severally obligated to pay to the Assignee indebtedness in the principal amount of THREE MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($3,500,000.00), together with interest thereon, which is evidenced by a mortgage note in the principal amount of $3,500,000.00 dated the date hereof executed by the Assignor in favor of the Assignee (as the same may be modified or amended, "Note"), which is secured by, *inter alia*, that certain mortgage and security agreement dated the date hereof executed by the Assignor in favor of the Assignee (as the same may be modified or amended, "Mortgage"), together with any other amounts due from the Assignor to the Assignee pursuant to the Note or Mortgage (collectively, with the *principal indebtedness evidenced by the Note*, "Indebtedness").

For the purposes of giving additional continuing collateral security for the repayment of the Indebtedness, Assignor does hereby assign to Assignee any and all existing and future leases, including any and all extensions, renewals, and replacements thereof, upon all or any part of the Premises. As used herein, "lease" shall include subleases, licenses, tenancies and all other forms of demising of space in the Premises.

Together with any and all guaranties of tenants' performance under any leases.

Together with the immediate and continuing right to collect and receive all of the rents, income, receipts, revenues, issues, and profits (hereinafter the "rents"), now due or which may become due or to which Assignor may now or shall hereafter become entitled or which it may demand or claim, including those rents coming due during any redemption period, arising or issuing from or out of the leases or from or out of the Premises or any part thereof, including but not limited to, minimum rents, additional rents, percentage rents, deficiency rents, and liquidated damages following default, and all proceeds payable under any policy of insurance covering loss of rents resulting from untenantability caused by destruction or damage to the Premises, together with any and all rights and claims of any kind that Assignor may have against any tenant under the leases or any subtenants or occupants of the Premises.

To have and to hold the same unto Assignee, its successors and assigns.

Provided, however, that so long as there shall exist no default under the Mortgage, or under the covenants and agreements of this Assignment, Assignor shall have the right to collect the rents and monies assigned hereunder as they come due and to retain and use the same.

AND the Assignor covenants, agrees and represents as follows:

1.    All existing leases submitted to Assignee are now valid and enforceable according to their terms and have not, since their execution, been altered or amended in any manner other than as disclosed in writing by Assignor to Assignee and no rents thereunder have been collected more than one (1) month in advance of the time when such rent is due.

2.    Assignor will duly perform all the duties and comply with all the terms, covenants, conditions, provisions and agreements required of or made by Assignor according to the aforesaid leases and any renewal, extension or modification thereof or any subsequent lease or rental agreement affecting the Premises.

3.    Assignor will not, without Assignee's written consent, cancel, abridge, or modify any lease or any tenancy or rental agreement affecting the Premises, or transfer, mortgage or otherwise encumber the Premises, the rents due under leases or tenancies or any part thereof, or accept prepayments of installments of rent to become due in excess of one (1) month in advance, and reference is hereby made to Section 291-f of the Real Property Law.

4.    The Assignor has the right to the rents currently due or to become due under the existing leases, has not previously assigned such rents or any part thereof except to Assignee, has the right and authority to make this Assignment, has performed or will perform all necessary acts to authorize payment of the rents to Assignee and will execute and deliver to Assignee any and all other documents and perform all acts reasonably requested by Assignee in connection with such leases and this Assignment.

5.    Assignee is hereby appointed attorney-in-fact of Assignor with full power and authority to act in the name of Assignor from and after breach by Assignor of any covenant or agreement of Assignor contained herein or any default under the Mortgage:

(a)    to demand, recover and receive any and all rents and income of the Premises;

(b)    to perform such acts as may be required of Assignor by all leases, any other tenancies of the Premises and this Assignment;

(c)    to let or lease the Premises or any part thereof which is now or may become vacant for such periods as Assignee may deem proper;

(d)    to maintain any and all actions or proceedings to recover rents or other income from the Premises or to remove tenants therefrom;

(e)    to pay all sums deemed necessary toward taxes, assessments, utility charges, prior liens, insurance premiums or repairs affecting the Premises, and if the income of the Premises is not sufficient to cover such payments, together with sums then due on the Indebtedness secured hereby, Assignor will promptly reimburse Assignee to the extent thereof and such sums shall be secured hereby; but nothing herein shall in any way obligate

Assignee to act in any manner on behalf of the Assignor or relieve Assignor from its duty to perform according to the provisions of the leases and this Assignment. The rights and powers granted to Assignee hereby shall be irrevocable so long as any part of the Indebtedness remains unpaid; and

          (f)    to apply the rents and income of the Premises in reduction of the obligations of Assignor under the Note in such manner and order as the Assignee may deem appropriate.

      6.    Nothing contained in this Assignment shall operate as or be deemed to be an extension of the time for payment of the Indebtedness or to in any way affect any of Assignee's rights, powers or remedies to enforce payment of the Indebtedness or any part thereof, no delay or omission by Assignee in exercising any right or remedy hereunder or with respect to any Indebtedness shall operate as a waiver thereof or of any other right or remedy, and no single or partial exercise thereof shall preclude any other or further exercise thereof or the exercise of any other right or remedy. Assignee may remedy any default by Assignor hereunder or with respect to any Indebtedness in any manner without waiving the default remedied and without waiving any other prior or subsequent default by Assignor. All rights and remedies of Assignee hereunder are cumulative.

      7.    Assignor shall indemnify and hold Assignee harmless from and against any and all claims, actions, suits, proceedings, costs, expenses, losses, damages and liabilities, including, but not limited to, attorneys' fees and expenses arising out of or which Assignee may incur in any manner as a result of this Assignment.

      This Assignment shall be binding upon the Assignor, its successors and assigns, and inure to the benefit of the Assignee, its successors and assigns.

**[The Remainder of the Page Has Been Intentionally Left Blank]**

IN WITNESS WHEREOF, Assignor has duly executed this Assignment as of the date first above written.

**PALACE 43 LLC**

By: _____
    Nissan Perla
    Sole Member

**CRESTVIEW CAPITAL LLC**

By: _____
    Nissan Perla
    Sole Member

**107 EAST 60TH STREET ASSOCIATES, LLC**

By: _____
    Nissan Perla
    Sole Member

STATE OF NEW YORK    )
                             ) ss:

COUNTY OF NEW YORK   )

        On the 26 day of July in the year 2007 before me, the undersigned, personally appeared Nissan Perla, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the *instrument, the individual, or the person* upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

CHAIM S. MENDLOWITZ
Notary Public, State of New York
No. 01ME6006583
Qualified in Kings County
Commission Expires 5/4/2010

## SCHEDULE A

## PARCEL I

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at a point in the southerly line of East 43rd Street, distant 133 feet 0 inches easterly from the corner formed by the intersection of the southerly line of East 43rd Street with the easterly line of 5th Avenue;

RUNNING THENCE easterly along said southerly line of East 43rd Street, 25 feet 0 inches;

THENCE southerly parallel with the easterly line of 5th Avenue, 65 feet 5-1/2 inches;

THENCE westerly parallel with the southerly line of East 43rd Street, 25 feet 0 inches;

THENCE northerly parallel with the easterly line of 5th Avenue, 65 feet 5-1/2 inches to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot P/O Old Lot 6, New Lot 67 in Block 1277 on the New York County Tax Map.

Said premises is known as: 4 East 43rd Street, New York, NY

## SCHEDULE A

## PARCEL II

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as fallows:

BEGINNING at a point on the southerly side of 82" Street, distant 35 feet westerly from the corner formed by the intersection of the southerly side of 82nd Street with the westerly side of Lexington Avenue;

RUNNING THENCE southerly parallel with the said side of Lexington Avenue, 70 feet;

THENCE westerly parallel with the said southerly side of 82nd Street, 20 feet;

THENCE northerly and parallel with the said westerly side of Lexington Avenue, 70 feet to the said southerly side of 82nd Street; and

THENCE easterly along the said southerly side of Street, 20 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY:  Also known as Lot 58 in Block 1510 on the New York County Tax Map

Said premises known as: 132 East 82nd Street, New York, NY

## SCHEDULE A

## PARCEL III

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City and State of New York bounded and described as follows:

BEGINNING at a point on the northerly line of East 60th Street, distant 60 feet easterly from the intersection of the easterly line of Park Avenue with the northerly line of East 60th Street;

RUNNING THENCE northerly and parallel with Park Avenue, 100 feet 5 inches and part of the way through a party wall to the center line of the block;

THENCE easterly parallel with East 60th Street, 20 feet;

THENCE southerly parallel with Park Avenue and part of the way through a party wall, 100 feet 5 inches to the northerly line of East 6th Street;

THENCE westerly along the northerly line of East 60th Street, 20 feet to the point or place of BEGINNING.

FOR INFOMRATIONAL PURPOSES ONLY:  Also known as Lot 4 in Block 1395 an the New York County Tax Map.

Said premises is known as:  107 East 60th Street, New York, NY



2007092500946002001SD895

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| **SUPPORTING DOCUMENT COVER PAGE** | **PAGE 1 OF 1** |

**Document ID:** 2007092500946002     Document Date: 07-30-2007     Preparation Date: 09-25-2007
Document Type: ASSIGNMENT OF LEASES AND RENTS

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

255 MORTGAGE TAX EXEMPT AFFIDAVIT                                    6

**AFFIDAVIT PURSUANT TO SECTION 255**
**OF THE TAX LAW OF THE STATE OF NEW YORK**

**(Assignment of Leases and Rents)**

STATE OF NEW YORK   )
                         ) ss.:
COUNTY OF NEW YORK  )

           Nissan Perla, being duly sworn does hereby depose and say;

           1.    I am the owner or the sole member of the owner of the premises located at 4 East 43rd Street, New York, New York, 132 east 82nd Street, New York, New York and 107 East 60th Street, New York, New York (collectively, the "Property").

           2.    The Stillwater Asset Backed Fund LP having an office at 41 Madison Avenue, New York, New York, is the owner and holder of the mortgage described on Schedule "A" attached hereto, which encumbers the Property ("Mortgage").

           3.    All mortgage recording taxes due to the State of New York on the Mortgage have been duly paid and no re-loans or re-advances have become secured by the Mortgage.

           4.    The Mortgage secures an indebtedness in the principal amount of $3,500,000.00.

           5.    The Assignment of Leases and Rents ("Assignment") being offered with this affidavit for recording secures the same principal indebtedness that is secured by the Mortgage and does not create any new or further indebtedness.

WHEREFORE, deponent respectfully requests that the Assignment tendered herewith for recording be declared exempt from taxation pursuant to the provisions of Section 255 of Article 11 of the Tax Law of the State of New York.

NISSAN PERLA

Sworn to before me this
26 day of July 2007.

Notary Public

CHAIM S. MENDLOWITZ
Notary Public, State of New York
No. 01ME6006583
Qualified in Kings County
Commission Expires 5/4/2010

2

Schedule A

(The Mortgage)

Mortgage and Security Agreement dated July 30, 2007 from Palace 43 LLC, Crestview Capital LLC and 107 East 60th Street Associates, as mortgagor, to The Stillwater Asset Backed Fund LP, as mortgagee, in the principal amount of $3,500,000.00, which will be submitted for recording on the date hereof to the Office of the New York City Register, New York County, New York immediately prior to the recording of the Assignment of Leases and Rents being tendered herewith. mortgage tax paid in the amount of: $98,000.00

**AFFIDAVIT PURSUANT TO SECTION 255
OF THE TAX LAW OF THE STATE OF NEW YORK**

**(Assignment of Leases and Rents)**

STATE OF NEW YORK    )
                   ) ss.:
COUNTY OF NEW YORK   )

         Nissan Perla, being duly sworn does hereby depose and say;

         1.     I am the owner or the sole member of the owner of the premises located at 4 East 43rd Street, New York, New York, 132 east 82nd Street, New York, New York and 107 East 60th Street, New York, New York (collectively, the "Property").

         2.     The Stillwater Asset Backed Fund LP having an office at 41 Madison Avenue, New York, New York, is the owner and holder of the mortgage described on Schedule "A" attached hereto, which encumbers the Property ("Mortgage").

         3.     All mortgage recording taxes due to the State of New York on the Mortgage have been duly paid and no re-loans or re-advances have become secured by the Mortgage.

         4.     The Mortgage secures an indebtedness in the principal amount of $3,500,000.00. mortgage in r to be paid in the amount of $98,000.00

         5.     The Assignment of Leases and Rents ("Assignment") being offered with this affidavit for recording secures the same principal indebtedness that is secured by the Mortgage and does not create any new or further indebtedness.

WHEREFORE, deponent respectfully requests that the Assignment tendered herewith for recording be declared exempt from taxation pursuant to the provisions of Section 255 of Article 11 of the Tax Law of the State of New York.

NISSAN PERLA

Sworn to before me this
26 day of July 2007.

Notary Public

CHAIM S. MENDLOWITZ
Notary Public, State of New York
No. 01ME6006583
Qualified in Kings County
Commission Expires 5/4/2010

2

## Schedule A

### (The Mortgage)

Mortgage and Security Agreement dated July 30, 2007 from Palace 43 LLC, Crestview Capital LLC and 107 East 60th Street Associates, as mortgagor, to The Stillwater Asset Backed Fund LP, as mortgagee, in the principal amount of $3,500,000.00, which will be submitted for recording on the date hereof to the Office of the New York City Register, New York County, New York immediately prior to the recording of the Assignment of Leases and Rents being tendered herewith.

# EXHIBIT 4

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
### Bankruptcy Petition #: 12-14133-scc

*Date filed:*   10/03/2012

*Assigned to:* Judge Shelley C. Chapman
Chapter 7
Involuntary

*Debtor*
**107 East 60th Street Associates**
C/O Real Property Services
1706 50th Street
Brooklyn, NY 11204
NEW YORK-NY

represented by **107 East 60th Street Associates**
PRO SE

*Petitioning Creditor*
**Amit Enterprise Associates; Assignee of Gerova Asset; Successor to Stillwater Asset**
1749 Dahill Road
Suite 400
Brooklyn, NY 11218

*U.S. Trustee*
**United States Trustee**
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 10/03/2012 | 1 | Involuntary Petition (Chapter 7) Against: 107 East 60th Street Associates . Filed by Petitioning Creditor(s): Amit Enterprise Associates; Assignee of Gerova Asset; Successor to Stillwater Asset. (Su, Kevin) (Entered: 10/03/2012) |
| 10/03/2012 | | Receipt of Involuntary Petition Filing Fee (Chapter 7). Fee Amount $ 306 , Receipt Number 190583. (Su, Kevin). (Entered: 10/03/2012) |
| 10/03/2012 | 2 | Summons *against 107 East 60th Street Associates in an Involuntary case* filed by Clerk of the U.S. Bankruptcy Court. (Su, Kevin) (Entered: 10/03/2012) |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re                                                                Chapter 7

      107 East 60th Street Associates,
                         Debtor.            Case No.: 12-14133-SCC

                             )

----------------------------------------------------------x

## AFFIDAVIT OF SERVICE
## NOTICE OF MOTION TO DISMISS INVOLUNTARY BANKRUPTCY CASE AND FOR
## BANKRUPTCY RULE 2004 EXAMINATION OF PETITIONING CREDITOR

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK   )

      Amari Samuels-Hayes, being duly sworn, deposes and says: deponent is not a party to this proceeding, is over 18 years of age, and resides in Brooklyn, New York.

      On December 10, 2012, deponent served a true copy of the

      NOTICE OF MOTION TO DISMISS INVOLUNTARY BANKRUPTCY CASE

Amit Enterprise Associates                    107 East 60th Associates
700 Dahill Road, Suite 400                    c/o Real Property Services
Brooklyn, New York 11218                    1706 50th Street
                                  Brooklyn, New York 11204
US Trustee                                        and
33 Whitehall Street, 21st Floor              107 East 60th Street
New York, New York 10004                    New York, New York 10065

via Case Management/ Electronic Case Filing System and by delivering a true copy of same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service, within the State of New York.

                                                   Amari Samuels-Hayes

Sworn to before me this
10th day of December 2012

KAREN TOBEY
NOTARY PUBLIC, State of New York
No. 03-4854804
Qualified in Bronx County
Cert. Filed in New York County
Commission Expires May 19, 2014

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

107 East 60th Street Associates,

Debtor.

-----------------------------------------------------------x

Chapter 7

Case No.: 12-14133 (SCC)

## AMENDED ORDER DENYING ORDER FOR RELIEF, LIFTING THE AUTOMATIC STAY, AUTHORIZING RULE 2004 EXAMINATION, AND RETAINING JURISDICTION

Upon the motion of TIF NYI LLC dated December 7, 2012, and upon proof of service thereof, and the matter having come before and heard by the undersigned Bankruptcy Judge on December 27, 2012; and Sherman Citron & Karasik, P.C., by Howard Karasik, Esq., having appeared in favor of the motion; and no one having appeared in opposition; it is, upon good cause shown

ORDERED, that the request for relief made in the involuntary petition (the "Involuntary Petition") filed by Amit Enterprise Associates on October 3, 2012 is hereby denied; and it is further

ORDERED, that the automatic stay invoked under Bankruptcy Code § 362 in connection with the above referenced Debtor and its Estate, if any, is lifted with prejudice; and it is further

ORDERED, that Amit Enterprise Associates, and its partner, Moshe Betar, are directed to appear for a Bankruptcy Rule 2004 Examination on January 17, 2013, at 10:00 a.m. at the offices of Sherman Citron & Karasik, P.C., 70 East 55th Street, New York, New York 10022-3222; and it is further

ORDERED, that this Order shall stand as a Subpoena, and service of this Order by overnight mail upon Amit Enterprise Associates and Moshe Betar at the address of Amit

Enterprise Associates set forth on its Involuntary Petition shall constitute sufficient service of this Order; and it is further

ORDERED, that this case shall remain open until further order of the Court, and it is further

ORDERED, that the Court retains jurisdiction over Amit Enterprise Associates and the within bankruptcy case for the purpose of fixing and awarding damages, punitive damages, and legal fees against Amit Enterprise Associates in favor of TIF NYI LLC upon application of TIF NYI LLC, and until further Order of the Court.

Dated: January 2, 2013
New York, New York

/s/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re                                              Chapter 7

    107 East 60th Street Associates,

                    Debtor.            Case No.: 12-14133-SCC

                                 )

----------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF NEW YORK  )

      Amari Samuels-Hayes, being duly sworn, deposes and says: deponent is not a party to this proceeding, is over 18 years of age, and resides in Brooklyn, New York.

      On January 2, 2012, deponent served a true copy of the

AMENDED ORDER DENYING ORDER FOR RELIEF, LIFTING THE AUTOMATIC STAY, AUTHORIZING RULE 2004 EXAMINATION, AND RETAINING JURISDICTION

by dispatching a copy by overnight delivery (Federal Express) to each of the following persons at the last known address set forth after each name below.

Amit Enterprise Associates
1749 Dahill Road, Suite 400
Brooklyn, New York 11218

Moshe Betar
c/o Amit Enterprise Associates
700 Dahill Road, Suite 400
Brooklyn, New York 11218

                                      Amari Samuels-Hayes

Sworn to before me this
2nd day of January 2013

KAREN TOBEY
NOTARY PUBLIC, State of New York
No. 03-4854804
Qualified in Bronx County
Cert. Filed in New York County
Commission Expires May 19, 2014

# EXHIBIT D

1

2   UNITED STATES BANKRUPTCY COURT
    SOUTHERN DISTRICT OF NEW YORK

3   -------------------------------------------------X

4   In re

5   107 EAST 60TH STREET ASSOCIATES,

6                                   Debtor.     Chapter 7
                                               Case No.:
7                                   12-14133 (SCC)

8   -------------------------------------------------X

9

10

11

12                                  January 17, 2013

13                                  10:30 a.m.

14

15

16

17

18              STATEMENT BY COUNSEL

19   held at the offices of Maidman & Mittelman, LLP,

20   70 East 55th Street, New York, New York, before

21   Nicole Cannistraci, a Notary Public within and

22   for the State of New York.

23

24

25

**ELISA DREIER**
**REPORTING CORP.**

950 Third Avenue          Telephone: 212-557-5558
New York, New York 10022  Fax: 212-557-0050
                          Email:production@courtreportingedrc.com

```
 1

 2     A p p e a r a n c e s:

 3              SHERMAN CITRON & KARASIK, PC
                Attorneys for TIF NY, LLC.
 4                  70 East 55th Street
                    New York, New York 10022-3222
 5              BY:   HOWARD KARASIK, ESQ.

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2              MR. KARASIK:  My name is Howard

3       Karasik.  I'm a member of Sherman,

4       Citron & Karasik, P.C., counsel to TIF

5       NY, LLC.

6              I'm making this statement in

7       connection with an amended order denying

8       order for relief lifting the automatic

9       stay authorizing Rule 2004 Examination

10      and retaining jurisdiction dated

11      January 2, 2013 in the matter of 107

12      East 60th Street Associates, Debtor,

13      pending in the United States Bankruptcy

14      Court Southern District of New York.

15             Pursuant to the order, which

16      directed that the order shall stand as a

17      subpoena, the order was served by

18      overnight mail upon Amit Enterprises

19      Associates and Moshe Betar at the

20      address of Amit Enterprises Associates

21      set forth on its involuntary petition in

22      this involuntary bankruptcy case.

23             The order directed Amit

24      Enterprises Associates and its partner

25      Moshe Betar to appear for a bankruptcy

1

2      Rule 2004 Examination on January 17,

3      2013 at 10 a.m. at the offices of

4      Sherman, Citron & Karasik, P.C.

5          This statement is made at

6      10:30 a.m. and, notwithstanding service

7      of the order, pursuant to the direction

8      set forth in the order, no one appeared

9      for the examination on behalf of Amit

10     Enterprises Associates, nor did Moshe

11     Betar appear.

12         A copy of the order was served by

13     fax on Amit Enterprises at the fax

14     number appearing on its involuntary

15     bankruptcy petition.  In addition, phone

16     calls were made to the phone number set

17     forth in the petition in connection with

18     the order.  The fax copy that was sent

19     to Amit Enterprises, Inc. specifically

20     advised Amit Enterprises, Inc. that if

21     Mr. Betar and Amit Enterprises

22     Associates failed to appear for the 2004

23     deposition, that contempt proceedings

24     would be instituted.

25         (Time noted: 10:34 a.m.)

```
1
2                     CERTIFICATE
3    STATE OF NEW YORK      )
4                           )    Ss.
5    COUNTY OF QUEENS
6    )
7            I, NICOLE CANNISTRACI, a Shorthand
8    Reporter and Notary Public within and for the
9    State of New York, do hereby certify:
10           That I reported the proceedings in the
11   within entitled matter, and that the within
12   transcript is a true record of such proceedings.
13           I further certify that I am not
14   related to any of the parties to this action by
15   blood or marriage, and that I am in no way
16   interested in the outcome of this matter.
17           IN WITNESS WHEREOF, I have hereunto
18   set my hand this 22nd day of January, 2013.
19                     Nicole Cannistraci
20                     NICOLE CANNISTRACI
21
22
23
24
25
```

# EXHIBIT E

United States Bankruptcy Court
Eastern District of New York

## Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 02/06/2013 at 1:23 PM and filed on 02/06/2013.

**107 EAST 60TH STREET ASSOCIATES, LLC**
c/o Bruce Bayroff
26 Court Street
Brooklyn, NY 11242



The case was filed by the following petitioning creditor(s):

**NIR CAP, LLC**
626 Derby Avenue
Woodmere, NY 11598

**David Maho**
Law Office of David Maho
265 Mountaindale Road
P.O. Box 637
Woodridge, NY 12789
845-434-1516

The case was assigned case number 1-13-40684.

If you would like to view the bankruptcy petition and other documents filed by the petitioning creditor(s) and the debtor, they are available at our *Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/06/2013 13:26:41 | | | |
| **PACER Login:** | la0246 | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 1-13-40684 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT F

B5 (Official Form 5) (12/07)

| UNITED STATES BANKRUPTCY COURT | INVOLUNTARY |
|---|---|
| **EASTERN DISTRICT OF NEW YORK** | **PETITION** |

| IN RE (Name of Debtor(s) – If Individual: Last, First, Middle) | ALL OTHER NAMES used by debtor in the last 8 years |
|---|---|
| 107 EAST 60TH STREET ASSOCIATES, LLC | (Include married, maiden and trade names.) |

Last Four digits of Social Security or other Individual's Tax-I.D. No/ Complete EIN (If more than one, state all)

| STREET ADDRESS OF DEBTOR (No. and street, city, state and zip code) | MAILING ADDRESS OF DEBTOR (if different from street address) |
|---|---|
| c/o Bruce Bayroff<br>26 Court Street<br>Brooklyn, New York 11242 | c/o Real Property Support Services<br>1706 50th Street<br>Brooklyn, New York |

| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>KINGS | |
|---|---|
| ZIP CODE<br>11242 | ZIP CODE<br>11204 |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (if different from previously listed address)
107 East 60th Street, New York, New York

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

[x] Chapter 7    [ ] Chapter 11

## INFORMATION REGARDING DEBTOR (Check applicable boxes)

| Nature of Debts<br>(Check one box) | Type of Debtor<br>(Form of Organization) | Nature of Business<br>(Check one box) |
|---|---|---|
| **Petitioners believe** | (Check one box) | [ ] Health Care Business |
| [ ] Debts are primarily consumer debts | [ ] Individual (Includes Joint Debtor) | [x] Single Asset Real Estate as defined in |
| [x] Debts are primarily business debts | [x] Corporation (Includes LLC and LLP) | 11 U.S.C. § 101(51)(B) |
| | [ ] Partnership | [ ] Railroad |
| | [ ] Other (If debtor is not one of the above entities, | [ ] Stockbroker |
| | check this box and state type of entity below) | [ ] Commodity Broker |
| | | [ ] Clearing Bank |
| | | [ ] Other |

| VENUE | FILING FEE (Check one box) |
|---|---|
| [x] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer of such 180 days than in any other District. | [x] Full Filing Fee attached<br><br>[ ] Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached. |
| [ ] A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | *[If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in §304(g) of the bankruptcy Reform Act of 1994, no fee is required.]* |

## PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

## ALLEGATION
(check applicable boxes )

1 [X] Petitioner(s) are eligible to file this petition pursuant to 11 U S C & 303 (b).

2 [X] The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.

3a [X] The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;

b [ ] Within 120 days preceding the filing of this petition, a custodian other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

B5 (Official Form 5) (12/07) – Page 2

**Name of Debtor(s)**

107 EAST 60TH STREET ASSOCIATES, LLC

Case No. _____

| TRANSFER OF CLAIM |
|---|
| ☐ Check this box if there has been a transfer of any claim against the debtor or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a) |

| REQUEST FOR RELIEF |
|---|
| Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached. |

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _____ /s/ ____ Member

Signature of Petitioner or Representative (State title)

NIR CAP, LLC _____ 2/6/13 ____
Name of Petitioner               Date Signed

Name & Mailing
Address of Individual        Isaac Eisenberg____
Signing in Representative    626 Derby Avenue____
Capacity                     Woodmere, New York 11598

X _____ /s/ ____ 2/6/13 __
Signature of Attorney                Date

DAVID A. MAHO, ESQ. (DAM )_____
Name of Attorney Firm (If any)
715 Church Avenue – Suite 204

Address
Brooklyn, New York 11218
Telephone No.

718 758-6425 – Fax: 718 436-2645

X _____
Signature of Petitioner or Representative (State title)

_____
Name of Petitioner               Date Signed

Name & Mailing
Address of Individual        _____
Signing in Representative    _____
Capacity                     _____

X _____
Signature of Attorney                Date

Name of Attorney Firm (If any)

Address

Telephone No.

X _____
Signature of Petitioner or Representative (State title)

_____
Name of Petitioner               Date Signed

Name & Mailing
Address of Individual        _____
Signing in Representative    _____
Capacity                     _____

X _____
Signature of Attorney                Date

Name of Attorney Firm (If any)

Address

Telephone No.

| PETITIONING CREDITORS | | |
|---|---|---|
| NIR CAP, LLC; 626 Derby Avenue; Woodmere, NY 11598 | Nature of Claim | Amount of Claim |
| | Monies Loaned and Advanced | $2,252,000.00 |
| Name and Address of Petitioner | | |
| | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | | |
| | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | | |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above | Total Amount of Petitioners' Claims $2,252,000.00 |
|---|---|---|

_____ continuation sheet attached

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

In re:                                                    INVOLUNTARY CHAPTER 7

**107 EAST 60TH STREET ASSOCIATES, LLC**

Case No.

Debtor.
-------------------------------------------------X

### INVOLUNTARY CHAPTER 7 PETITION

Petitioner, NIR CAP, LLC, respectfully alleges:

1.      Petitioner, NIR CAP, LLC, with an address at 626 Derby Avenue, Woodmere, New York
11598, (the "Petitioning Creditor"), holding an (un)secured claim against the Debtor, not contingent
as to liability and not in dispute, amounting in aggregate to $2,252,000.00.

2.      The nature of the claim is for monies loaned and advanced by the "Petitioning Creditor" to
the "Debtor", and/or to the principal of the "Debtor", and the amount of the claim is $2,252,000.00.

3.      The Debtor has their principal place of business within the district for a longer of One
Hundred Eighty (180) days preceding the filing of this Involuntary Petition than in any other
district, to wit:  the Debtor's addresses within the district is c/o Bruce Bayroff; 26 Court Street,
Brooklyn New York 11242 and/or c/o Real Property Support Services; 1706 50th Street, Brooklyn,
New York 11204.

4.      The Debtor is an are entity against whom an Order for Relief may be entered under Title XI;
Chapter 7 or 13 of the United States Bankruptcy Code.

5.      The Debtor is generally not paying the debts as they become due and that the Creditors
holding the claims are not contingent as to liability and not subject to bona fide dispute, (except any
claims by the creditors claiming to hold certain mortgages), and said claims amount in aggregate, in
excess of any lien held by them on the Debtor's property securing such claims, at least, and
exceeding $50,000.00 or more.

6.      That Petitioner did present agreements, contracts, receipts, invoices and statements
evidencing the obligations and/or debt, and did demand payment and/or delivery of the deed to the
property, pursuant to certain pledge agreement(s), all of which was refused by the Debtor.

7. That Petitioner did commence Arbitration proceedings against the Debtor, pursuant to the arbitration provisions contained in their various agreements, wherein the Petitioning Creditor was awarded an interim judgment against the Debtors in the amount of $252,000.00, payment of which was refused by the Debtor.

8. That upon information and belief, the Debtor do not have more than twelve (12) creditors. That it is verily believed, that in the event that the Debtors do have more than twelve (12) creditors, that at least two (2) of such other creditors will join within this petition.

9. That it is verily believed that a Chapter 7 is the only relief to be granted, and it is further verily believed when all facts are known, it will be determined that no viable assets of the Debtors exist other than the possessory rights of the "leased premises", or that the Debtors are not able to be rehabilitated.

10. That it is further verily believed that the Debtor will not oppose or object to the within Petition.

WHEREFORE, the Petitioning Creditor prays that an Order for Relief be entered against the Debtors under Chapter 7 of Title 11 of the United States Bankruptcy Code.

Dated: Brooklyn, New York
February 6, 2013

NIR CAP, LLC

_____/s/_____
By: Isaac Eisenberg, Member

## UNSWORN DECLARATION

ISAAC EISENBERG declares that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: Brooklyn, New York
       February 6, 2013

                                      /s/
                                Isaac Eisenberg

Case No.

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF NEW YORK

IN THE MATTER OF:

## 107 EAST 60ᵀᴴ STREET ASSOCIATES, LLC

Debtor(s).

## INVOLUNTARY CHAPTER 7

---

**INVOLUNTARY PETITION UNDER TITLE XI OF THE UNITED STATES BANKRUPTCY CODE**

---

### DAVID A. MAHO, ESQ.

*Attorney for Petitioner – NIR CAP, LLC*
715 Church Avenue - Suite 204
Brooklyn, New York 11218
Tel: 718 758-6425   Fax: 718 436-2645

---

# United States Bankruptcy Court

Eastern District of New York
271−C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

IN RE:                                                                                          CASE NO: 1−13−40684−cec

   107 East 60th Street Associates, LLC

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                           CHAPTER: 7

       DEBTOR(s)

## NOTICE OF DEFICIENT FILING − CHAPTER 7

**NOTICE IS HEREBY GIVEN THAT:**

The bankruptcy petition filed by the above−referenced debtor(s) on February 6, 2013 did not include the
following item(s):

## ITEMS DUE AT TIME OF FILING OF BANKRUPTCY PETITION

- ☐ Voluntary Petition (Official Form 1) (Signed) (Original & One Copy)
- ☐ **List of Creditors (Certified by Attorney or Debtor, if Pro−Se)**
- ☐ Statement of Social Security Number (Official Form 21) Pro Se Filers or those filing conventionally must file the Form 21 with the Court. Electronic filers must maintain Form 21 in their offices
- ☐ Certificate of Credit Counseling *or* Motion requesting waiver (Individual Only)

## ITEMS DUE WITHIN FOURTEEN DAYS OF FILING OF BANKRUPTCY PETITION OR BY 341 MEETING DATE

- ☐ Exhibit D
- ☐ Certificate of Credit Counseling (Exhibit D Box 2 Checked)
- ☐ **Certification of Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code (Official Form B201B) (Individual Only) To be filed only if the attorney, petition preparer or debtor does not sign the appropriate section on page 2 or 3 of the petition Official Form B1**
- ☑ Statement Pursuant to Local Bankruptcy Rule 1073−2(b) (Due Within 14 Days)
- ☐ Disclosure of Compensation Pursuant to Federal Bankruptcy Rule 2016(b) (Due Within 14 Days)
- ☐ Partnership Statement Pursuant to Local Bankruptcy Rule 1074−1(b) (Partnership Only) (Due Within 14 Days)
- ☐ Corporate Resolution Pursuant to Local Bankruptcy Rule 1074−1(a) (Corporation Only) (Due Within 14 Days)
- ☐ Corporate Ownership Statement Pursuant to Federal Bankruptcy Rule 1007(a)(1) (Corporation Only) (Due Within 14 Days)
- ☐ Summary of Schedules (Official Form B6) (Due Within 14 Days)
- ☐ Statistical Summary of Certain Liabilities (Official Form B6) (Individual Debtor) (Due Within 14 Days)
- ☐ **Schedule A (Real Property) (Official Form B6A) (Due Within 14 Days)**
- ☐ **Schedule B (Personal Property) (Official Form B6B) (Due Within 14 Days)**

### [Continued on other side of page]

<u>**ITEMS DUE WITHIN FOURTEEN DAYS OF FILING OF BANKRUPTCY PETITION OR BY 341
MEETING DATE (Continued)**</u>

☐ Schedule C (Property Claimed as Exempt by Individual Debtor) (Official Form B6C) (Due Within
14 Days)

☐ **Schedule D (Creditors Holding Secured Claims) (Official Form B6D) (Due Within 14 Days)**

☐ **Schedule E (Creditors Holding Unsecured Priority Claims) (Official Form B6E) (Due Within
14 Days)**

☐ **Schedule F (Creditors Holding Unsecured Nonpriority Claims) (Official Form B6F) (Due
Within 14 Days)**

☐ Schedule G (Executory Contracts and Unexpired Leases) (Official Form B6G) (Due Within 14 Days)

☐ Schedule H (Co−debtors) (Official Form B6H) (Due Within 14 Days)

☐ **Schedule I (Current Income of Individual Debtor) (Official Form B6I) (Due Within 14 Days)**

☐ **Schedule J (Current Expenditures of Individual Debtor) (Official Form B6J) (Due Within 14
Days)**

☐ Declaration Concerning Debtor(s) Schedules (Individual) (Official Form 6) (Due Within 14 Days)

☐ Declaration on Behalf of a Corporation or Partnership (Corporation or Partnership Only) (Official
Form 2) (Due Within 14 Days)

☐ **Statement of Financial Affairs (Official Form 7) (Due Within 14 Days)**

☐ **Statement of Monthly Income and Means Test Calculation (Official Form B22A) (Due Within
14 Days) (Individual Debtor)**

☐ Declaration and Signature of Non−Attorney Bankruptcy Petition Preparer (Official Form 19A) (Due
Within 14 Days)

☐ Notice to Debtor by Non−Attorney Bankruptcy Petition Preparer (Official Form 19B) (Due Within
14 Days)

☐ Disclosure of Compensation of Non−Attorney Bankruptcy Petition Preparer (Official Form B280)
(Due Within 14 Days)

☐ **Copies of Pay Statements received within 60 days of filing from any employer or a statement
indicating this requirement is not applicable (Show only last four digits of Social Security
Number) (Due Within 14 Days)**

☐ Pre−petition Statement Pursuant to Local Bankruptcy Rule 2017−1 (Due by 341 Meeting)

☐ Statement of Intention (Official Form 8) (Individual Debtor) (Due by 341 Meeting)

## YOUR CASE MAY BE DISMISSED IF

## YOU DO NOT MAKE THE REQUIRED FILINGS ON A TIMELY BASIS

**FURTHER NOTICE IS GIVEN THAT if the required item(s) identified above in bold print are not filed
with the Court within 45 days after the date that this bankruptcy petition was filed, this bankruptcy case
may be subject to automatic dismissal effective on the 46th day after the date that the bankruptcy petition
was filed, without further notice or opportunity for a hearing.** This 45−day period may be extended for an
additional period not to exceed 45 days, if the debtor makes a request for an exemption within the initial 45 days
and the Court finds justification for extending the period for the filing. *See 11 U.S.C. § 521(i)(1)*.

**FURTHER NOTICE IS GIVEN THAT the Court may schedule a hearing to determine whether this
bankruptcy case should be dismissed if the items due at the time of filing of this bankruptcy petition are not
filed with the Court within three days of this notice.**

### [Continued on other side of page]

**FURTHER NOTICE IS GIVEN THAT the Court may schedule a hearing to determine whether this bankruptcy case should be dismissed** if the items due within 14 days of the filing of the bankruptcy petition, or at the time of the 341 meeting, are not timely filed with the Court.

**FURTHER NOTICE IS GIVEN THAT** in order to receive a discharge, the debtor must complete a Personal Financial Management Course and must file a Certificate of Completion of the Personal Financial Management Course (Official Form 23) within 60 days after the first date set for the section 341 meeting. If the Personal Financial Management Course Certificate of Completion is not filed within the allotted time, **a discharge will not be issued and the case will be closed.**

**FURTHER NOTICE IS GIVEN THAT** if this bankruptcy case is dismissed for failure to make the required filings, or for any other reason, then the debtor may not receive the benefit of the automatic stay in a subsequent bankruptcy case filed for a period of up to one year. *See 11 U.S.C. §§ 362(c)(3) and (c)(4).*

Dated: February 7, 2013

For the Court, Robert A. Gavin, Jr., Clerk of Court

BLdef7a.jsp [Notice of Deficient Filing Chapter 7 rev 12/1/10]

## Notice Recipients

| District/Off: 0207−1 | User: mrodrique | Date Created: 2/7/2013 |
|---|---|---|
| Case: 1−13−40684−cec | Form ID: 270 | Total: 2 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db      107 East 60th Street Associates, LLC    c/o Bruce Bayroff      26 Court Street      Brooklyn, NY 11242

smg    United States Trustee    Office of the United States Trustee    271 Cadman Plaza East    Brooklyn, NY 11201

TOTAL: 2

# United States Bankruptcy Court

Eastern District Of New York
271–C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

---

IN RE:                                                      CASE NO: 1–13–40684–cec

   107 East 60th Street Associates, LLC

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                    CHAPTER: 7

---

            DEBTOR(s)

---

## SUMMONS TO DEBTOR IN INVOLUNTARY CASE

To the above named debtor:

A petition under title 11, United States Code was filed against you on February 6, 2013 in this bankruptcy court, requesting an order for relief under Chapter 7 of the Bankruptcy Code (title 11 of the United States Code).

YOU ARE SUMMONED and required to file with the clerk of the bankruptcy court a motion or answer to the petition within 21 days after the service of this summons. A copy of the petition can be viewed via the Court's Internet site at www.nyeb.uscourts.gov.

**Address of Clerk:**          **United States Bankruptcy Court**
                               **271–C Cadman Plaza East, Suite 1595**
                               **Brooklyn, NY 11201–1800**

At the same time, you must also serve a copy of your motion or answer on petitioner's attorney.

**Name and Address of Petitioner's Attorney:**

                               **David A. Maho, Esq.**
                               **715 Church Avenue – Suite 204**
                               **Brooklyn, New York 11218**

If you make a motion, your time to serve an answer is governed by Federal Rule of Bankruptcy Procedure 1011(c).

If you fail to respond to this summons, the order for relief will be entered.

Dated: February 7, 2013

                               For the Court, Robert A. Gavin, Jr., Clerk of Court

**BLinvol** [Involuntary summons 12/1/09]

**TRANSFER, CLOSED**

# U.S. Bankruptcy Court
## Eastern District of New York (Brooklyn)
### Bankruptcy Petition #: 1-13-40684-cec
#### Internal Use Only

*Date filed:* 02/06/2013
*Date terminated:* 02/08/2013

*Assigned to:* Carla E. Craig
Chapter 7
Involuntary

*Debtor disposition:* Interdistrict Case Transfer

*Debtor*
**107 East 60th Street Associates, LLC**
c/o Bruce Bayroff
26 Court Street
Brooklyn, NY 11242
KINGS-NY

represented by **107 East 60th Street Associates, LLC**
PRO SE

*Petitioning Creditor*
**NIR Cap, LLC**
626 Derby Avenue
Woodmere, NY 11598

represented by **David A. Maho, Esq.**
715 Church Avenue - Suite 204
Brooklyn, NY 11218
718-758-6425
Fax : 718 436-2645
Email: davidmaholaw@gmail.com

*U.S. Trustee*
**United States Trustee**
271 Cadman Plaza East
Suite 4529
Brooklyn, NY 11201
(718) 422-4960

| Filing Date | # | Docket Text |
|---|---|---|
| 02/06/2013 | 1 | Chapter 7 Involuntary Petition. Fee Amount $306 Re: 107 East 60th Street Associates, LLC Filed by Petitioning Creditor(s): NIR Cap, LLC (attorney David Maho). (Maho, David) (Entered: 02/06/2013) |
| 02/06/2013 | 2 | Deficient Filing Chapter 7: Statement Pursuant to LR1073-2b due by 2/20/2013. Incomplete Filings due by 2/20/2013. (mmr) (Entered: 02/07/2013) |

| 02/07/2013 | | Receipt of Involuntary Petition (Chapter 7)(1-13-40684) [misc,ivol7] ( 306.00) Filing Fee. Receipt number 10936254. Fee amount 306.00. (U.S. Treasury) (Entered: 02/07/2013) |
|---|---|---|
| 02/07/2013 | 3 | Involuntary Summons Issued on Debtor 107 East 60th Street Associates, LLC (mmr) (Entered: 02/07/2013) |
| 02/08/2013 | 4 | SIGNED BY JUDGE SHELLEY C CHAPMAN: Order Transferring Venue and Directing the Joint Administration of Chapter 7 Cases. The Chapter 7 involuntary case filed against 107 East 60th Street Associates, LLC in the Bankruptcy Court for the Eastern District of New York (13-40684) is substantially related to the pending Chapter 7 involuntary case filed against 107 East 60th Street Associates in the Bankruptcy Court for the Southern District of New York (12-14133) and is hereby transferred to the Southern District of New York. The involuntary cases of 107 East 60th Street Associates and 107 East 60th Street Associates, LLC are consolidated for procedural purposes only and shall be jointly administered. Signed on 2/8/2013. (nds) (Entered: 02/08/2013) |
| 02/08/2013 | | Bankruptcy Case Closed - Case transferred to the Southern District of New York. (nds) (Entered: 02/08/2013) |

United States Bankruptcy Court
Eastern District of New York



## Notice of Involuntary Bankruptcy Case Filing

An involuntary bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 7 of the United
States Bankruptcy Code, entered on 02/06/2013 at 1:23
PM and filed on 02/06/2013.

**107 East 60th Street Associates, LLC**
c/o Bruce Bayroff
26 Court Street
Brooklyn, NY 11242

The case was filed by the following petitioning creditor(s):

**NIR Cap, LLC**
626 Derby Avenue
Woodmere, NY 11598

The case was assigned case number 1-13-40684-cec to Judge Carla E. Craig.

If you would like to view the bankruptcy petition and other documents filed by the petitioning creditor(s) and
the debtor, they are available at our *Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office,
271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy Court**

# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X

ASTORIA FEDERAL SAVINGS AND LOAN                    Index No.: 100997/2009
ASSOCIATION,

                                    Plaintiffs       **MEMORANDUM**
                                                     **OF SALE**

          -against-

107 EAST 60TH STREET ASSOCIATES, LLC;
THE STILLWATER ASSET BACKED FUND,
LP,

                                    Defendants.
-----------------------------------------------------------------------X

**Premises: 107 East 60th Street, New York, New York 10065**
          **(Block: 1395; Lot: 4)**

_Gamliel, Gal  Nagar_____ has, on the date hereof, purchased the premises
described in the annexed printed advertisement of sale for the sum of  _Five Million Five hundred_
_Thousand dollars_ ($5,500,000.00) dollars; has received a copy, read and understands the
Terms of Sale, and hereby promises and agrees to comply with the terms of sale and shall be
bound by the terms of sale and judgment of foreclosure and sale filed and has hereby deposited
at 10% of the purchase price with the Referee pursuant to said terms of sale and judgment of
foreclosure and sale.

Dated: New York, New York
          January 6, 2013


                                   BY: _____
                                                  (Purchaser)
                                   TITLE: _Jamliel gul nagar_


_____
Rubin Ferziger, Esq., Referee



**Premises:**          **107 East 60th St, NY, NY**

**Foreclosure Sale Date:**    **2/6/2013**

| | |
|---|---:|
| Judgment/Computation Amount: | $4,331,767.68 |
| Interest from Computation Date (4/1/2011) through Judgment Date (5/10/2012) at 20% (406 days @ $2210.17 per day) | $897,329.02 |
| Interest from Judgment Date (5/10/2012) through Sale Date (2/6/13) at 9% (271 days @ $1082.94 per day) | $293,476.74 |
| Interest from Sale Date (2/6/13) through Closing Date (3/8/13) at 9% ( 32 days @ $1082.94 per day) | $32,488.20 |
| Costs and Disbursements as per Judgment: | $0.00 |
| Additional Allowance as per Judgment: | $300.00 |
| Legal Fees as Per Judgment: | $0.00 |
| Open Real Estate Taxes as of Sale Date: | $109,846.53 |
| Open Water/Sewer Charges and Assessments as of Sale Date: | $39.02 |
| Tax Lien Balance as of Sale Date: | TBD |
| Advances Paid by Plaintiff After Computation Date: | $0.00 |
| Referee's Fee to Conduct Sale: | $500.00 |
| Publication Fee: | $2,366.00 |
| Insurance & Other Protective Advances: | $7,500.00 |
| Payments Received: | $0.00 |
| **TOTAL DUE PLAINTIFF:** | $5,675,613.19 |



## AFFIDAVIT OF TITLE
### (NEW YORK CITY)

STATE OF NEW YORK    )                    TITLE NO. RT-40230
COUNTY OF NEW YORK  )ss:

MITCHEL MAIDMAN, being duly sworn, depose(s) and state(s) the following:

1. I am member and authorized signatory of 35-37-39 East 63rd LLC (the "Entity"), mortgagor executing the Modification and Extension Agreement of the property known as 35-37-39 East 63rd Street, New York, New York (the "Premises") with TD Bank, N.A.

2. There are presently ___ tenants in said Premises. Each of said tenants either (a) is in possession under a lease containing a standard subordination clause fully and unconditionally subordinating said lease to all existing and future mortgages, (b) is a statutory tenant, or (c) is a month-to-month tenant. All persons in possession are in possession pursuant to written leases as tenants only. There are no options to purchase or rights of first refusal either pursuant to written leases or by separate agreements.

3. No work has been done upon the Premises by The City of New York nor has any demand been made by The City of New York for any such work that may result in charges by the New York City Department of Rent and Housing Maintenance, Emergency Services (and/or The Department of Housing Preservation and Development (HPD)) or charges by the New York City Department of Environmental Protection for water tap closing or related work.

4. No inspection fees, permit fees, elevator(s), sign, boiler or other charges have been levied, charged, created or incurred that may become tax or other liens pursuant to Section 26-128 (formerly Section 643a-14.0) of the Administrative Code of The City of New York, as amended by Local Laws 10 of 1981 and 25 of 1984 and Section 27-4029.1 of the Administrative Code of The City of New York, as amended by Local Law 43 of 1988 or any other section of the law. The undersigned, or the entity signing below, agrees to indemnify Regal Title Agency ("Regal") and its title insurance underwriter (the "Insurer") for any loss, cost or damage resulting from any unpaid fee or charge claimed by the Department of Buildings of the City of New York and entered in the records of the Department of Finance of The City of New York/City Collector after the date of closing.

5. There has been no work performed by any agency of The City of New York to cure matters pursuant to the New York City Hazardous Substance Emergency Response Law, nor can any lien be incurred pursuant to the aforementioned statute. The undersigned agrees to indemnify Regal and the Insurer from any loss, cost or damage for any lien incurred up to the date of this affidavit, whether filed or unfiled.

6. Real estate taxes, water meter, frontage charges and/or other assessments, if any, shown on the tax search in the above referenced report of title as "subject to collection" have been paid.

7. There has been no change in membership of the Entity since its organization, nor has there been any change in its operating agreement. The person(s) executing the closing instruments are authorized to bind the Entity.

8. The Entity is the same entity that acquired title to the Premises by deed recorded in the City Register's Office on 06/13/2006 as CRFN 2006000330424.

9. The Entity shall have the four (4) Environmental Control Board Judgments attached hereto removed from record within four (4) months from the date hereof.

That I make this affidavit to induce Regal and the Insurer to insure title to the Premises free and clear of the aforesaid, knowing that it will rely on the truth of the statements herein made.

_____
Mitchel Maidman

_____

Sworn to before me this _____
day of February, 2013

# Regal Title Agency as agent for
# FIDELITY NATIONAL TITLE INSURANCE COMPANY

## AM ENDED

### SCHEDULE B

Title Number:  **RT-40230**

(B)    Proof is required that there has been no change in the make-up or composition of the organization, and that there have been no amendments made to the Articles of Organization or Operating Agreement;

(C)    Proof is required that the party or parties executing instruments on behalf of the organization have authority to act.

16.    A resolution by its members authorizing the borrower herein to make the mortgage to be insured is required.

17.    **Intentionally omitted - 1/28/2013 - (JNF)**
~~A certificate of good standing for 35-37-39 East 63rd LLC is required from the State of Delaware.~~

18.    35-37-39 East 63rd LLC has been run for judgments, federal tax liens, minor liens, parking violations and environmental control board liens. The following has been found of record and must be satisfactorily disposed of:

a. Four (4) Environmental Control Board Judgments:

| | | |
|---|---|---|
| 35 37 39 East 63rd LLC, 39 East 63rd Street, New York, NY | doc 06/12 | |
| #034925317Y          $12,000.00 | | |
| 35 37 39 East 63rd LLC, 39 East 63rd Street, New York, NY | doc 06/12 | |
| #034925316M          $4,000.00 | | |
| 35 37 39 East 63rd LLC, 39 East 63rd Street, New York, NY | doc 06/12 | |
| #034940465Z          $4,000.00 | | |
| 35 37 39 East 63rd LLC, 39 East 63rd Street, New York, NY | doc 06/12 | |
| #034940484R          $12,000.00 | | |

19.    Searches made in the United States Bankruptcy Court for the Southern District of the State of New York against the following:
35-37-39 East 63rd LLC
No returns found.

20.    Patriot searches (See herein).

21.    UCC Financing Statement:
Debtor- 35-37-39 East 63rd LLC
Secured Party- Commerce Bank, N.A.
CRFN 2008000234114
Filed- 06/11/2008
Covers- fixtures etc.
Premises- Block 1378 Lots 28,29,30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ASTORIA FEDERAL SAVINGS AND LOAN                         Index No.: 100997/2009
ASSOCIATION,

                                Plaintiffs                 **TERMS**
                                            **OF SALE**

    -against-

107 EAST 60TH STREET ASSOCIATES, LLC;
THE STILLWATER ASSET BACKED FUND,
LP,

                                  Defendants.
-------------------------------------------------------------------X

**PREMISES: 107 East 60th Street, New York, New York 10065**
                 **(Block: 1395; Lot: 4)**

## TERMS OF SALE

The above referenced premises will be sold under the direction of Rubin Ferziger, Esq.,
Referee.

    1.     Ten (10%) percent of the purchase money of said premises will be required to be paid
to the Referee in cash or certified or bank check made payable to the order of the Referee at the time
and place of sale, and for which the Referee's receipt will be given. The Referee shall not accept any
checks made payable to the bidder and endorsed over to the Referee.

    2.     The residue of the said purchase money with interest thereon from the date hereof will
be required to be paid to the said Referee by certified or bank check at the law offices of HARRY
ZUBLI Esq., 1010 Northern Blvd., Suite 310, Great Neck, New York 11021, on <u>MARCH 8, 2013</u> @

10:00 AM, when and where the said Referee's Deed will be ready for delivery. TIME IS OF THE
ESSENCE regarding the aforesaid closing date, as to the Purchaser only.

 3. Purchaser shall pay plaintiff interest on the entire amount bid at a rate of nine (9%)
percent from the date of sale through the date of closing.

 4. The Referee is not required to send any notice to the Purchaser at anytime or for any
reason, and if the Purchaser neglects or fails to appear at the closing, ready, willing and able to
complete the purchase at the time and place above specified to receive the Referee's Deed, the
Purchaser will have materially defaulted under its obligations hereunder resulting in immediate
forfeiture of the contract deposit. In the event that the Referee, in his sole and absolute discretion,
shall deem it proper to extend the time for the completion of said purchase, the extension shall be
granted only upon the following terms and conditions:

 (a) any extension of time granted herein shall not exceed thirty (30) calendar days
(the date to which the Closing Date is extended is hereinafter referred to as the "Extended Date");

 (b) Purchaser shall continue to be liable for, and pay interest at the rate of nine (9%)
percent per annum on the total Purchase Price during the extended period through the actual closing
date;

 (c) Purchaser shall tender to Plaintiff an additional ten (10%) percent deposit which
sum shall be applied towards the purchase price. In the event purchaser fails to close on the Extended
Date, then purchaser will have materially defaulted and forfeited any and all moneys tendered
including but not limited to all contract deposits tendered.

 (d) Purchaser shall continue to assume all responsibility for the real estate taxes,
water and sewer charges, liens and encumbrances and other costs or payments of any kind that are

assessed to the premises after the foreclosure sale date.  Purchaser shall take the premises subject to
said items.

        (e)     The Extended Date shall be TIME OF THE ESSENCE as to the Purchaser only.

    5.     The Purchaser of the said premises or any portion thereof, will, at the time and place of
sale, sign the foregoing Terms of Sale and a Memorandum of the purchase.  Purchaser shall be bound
by the Terms of Sale and agrees to comply with the terms and conditions of sale herein contained.

    6.     The bidding will be kept open after the property is struck down; and in case any
Purchaser shall fail to comply with any of the above conditions of sale, the premises so struck down
will again be put up for sale, under the direction of said Referee, under these same terms of sale,
without application to the Court, unless the Plaintiff(s)' attorneys shall elect to make such application;
and such Purchaser will not be held liable for any deficiency there may be between the sum for which
said premises shall be struck down upon the sale and that for which they may be purchased on the re-
sale, and also for any costs or expenses occurring on such resale upon Purchaser's default, the bid
deposit shall automatically be forfeited and applied to the aforesaid deficiency if any.  Such forfeit
shall not be a waiver of any rights of plaintiff(s) to seek and obtain damages from the defaulting
bidder.

    7.     In case the plaintiff(s) shall be the Purchaser or in the event that the rights of the
Purchaser shall be assigned to and be acquired by the plaintiff(s), and the valid assignment thereof
filed with the Referee, the provisions of the judgment of foreclosure and sale entered herein insofar as
the same relate to such purchase by or assignment to plaintiff(s) shall be deemed included in these
terms of sale with the same force and effect as if fully set forth at length.

    8.     All expenses of recording the Referee's Deed, including New York City and New York
State real property transfer tax and transfer stamps, shall be paid by the Purchaser at the closing.  The

Purchaser shall also pay to the plaintiff's attorneys, its fee for closing the sale of the property in the sum of $1,250.00. In addition, the Purchaser shall be responsible to pay any and all other taxes associated with the conveyance including but not limited to transfer taxes, sales taxes and other impositions by any and all governmental agencies

9.   Said premises are sold in "AS IS" physical order and condition subject to:

   (a)   any state of facts that an inspection of the premises would disclose;

   (b)   any state of fact that an accurate survey of the premises would show;

   (c)   any covenants, restrictions, easements and public utility agreements of record, if any;

   (d)   any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same;

   (e)   any rights of tenants or persons in possession of the subject premises;

   (f)   prior lien(s) of record (including unrecorded leases if any) which cannot be extinguished in a foreclosure action;

   (g)   any equity redemption of the United States of America to redeem the premises within 120 days from the date of sale; and

   (h)   rights of any defendants pursuant to CPLR Sections 317, 2003 and 5015, if any.

   (i)   terms and conditions of the filed judgment of foreclosure and sale.

10.   The terms of sale herein is not assignable. Any attempted assignment of the terms of sale herein or of the undersigned purchasers obligations shall constitute a material breach.

11.   In the event any provision of this Terms of Sale are deemed not enforceable, then all of the remaining terms of conditions of this Terms of Sale shall remain binding and enforceable as and against purchaser.

12.   By its execution of these Terms of Sale, Purchaser acknowledges and confirms that copy of these Terms of Sale was posted in or outside the Courtroom in which the sale is held and/or

the Referee has read the Terms of Sale aloud immediately prior to conducting the Terms of Sale, all in

conformity with the practice and procedures of the County in which the sale took place.

DATED:  January 6, 2013

_____
Rubin Ferziger, Esq., Referee

_____
Successful Bidder
Name:  347-58  Oomlsel gal  nugur
Address: 435  central park  West #4 f  ~y, ~y  ,1002 r
Tel #:  347 58 2 634

# EXHIBIT H

Begin forwarded message:

> **From:** David Maho <davidmaholaw@gmail.com>
> **Date:** February 7, 2013, 17:42:20 EST
> **To:** richardmaidman@me.com
> **Subject: bankruptcy**

Dear Richard Maidman;

I am replying to your email as a professional courtesy; although I do not know who you are or what role you have in this matter.

Thanks for the information about the filing in the Southern district.

I just indeed checked with PACER and with ALBANY (had no time to check Delaware or Florida). There are various entities starting with "107 East 60th Street, etc."

The 2 entities are NOT the same. I went by the recorded deed as reflected on ACRIS.

Also, assuming arguendo that there is a connection between these 2 entities; "dismissal with prejudice" does not mean what you want it to mean.
It does NOT act as a bar to any future Involuntary filing by another creditor or even a future Voluntary filing by the debtor himself.
Such bars to future filings are usually granted ONLY if REQUESTED on NOTICE in the Motion to Lift Stay, and ONLY granted after 'serial filings' and ONLY for certain specified periods; and does not cover parties (creditors) who were not parties in, and aware of any prior case.

I just got this case.
It may turn out that my clients are the de facto and/or the de jure owners of the very LLC against which we filed the Involuntary.
If so; we may ask that it be converted to a Voluntary Petition.

The LLC membership shares were pledged by its sole owner Nissan Perla, who has conveniently defaulted and absconded.

I am sorry that the sale was stayed; however my client is looking to reach out to the noteholders, sort out certain matters and make a deal.

Am I wrong to assume that you are or representing the noteholder?

David Maho